POLEN, J.
This appeal follows Shayne Kramer’s conviction for aggravated battery on a pregnant woman, two counts of aggravated child abuse, and two counts of attempted second degree murder. Kramer was sentenced to ninety-five years in prison. For the reasons explained below we remand this case to the trial court and instruct the court to resentence Kramer in a manner consistent with this opinion.
On August 13, 1998 Tammy Kramer reported to police that she and her husband, Shayne Kramer, got into a verbal argument over money and custody of their children. Tammy left her home, leaving her husband with their two children. When the police arrived, Kramer had locked himself inside with the children. Deputy Consalo forced his way into the house and found Kramer sitting on the floor holding the children. Kramer and both children were bleeding from their wrists. Each wrist of each child was cut four times with a razor blade.
On September 3, 1998, Shayne Kramer was charged by information with two counts of attempted first degree murder, two counts of aggravated child abuse, and one count of aggravated battery on a pregnant woman. A jury found Kramer guilty as charged and sentenced him to thirty years in prison. Kramer appealed that conviction. This court reversed the conviction and sent the case back for a new trial.
After the case was remanded, the State filed an amended information. The amended information added “with a weapon” to the attempted first degree murder charges and to the aggravated child abuse charges. Kramer moved to dismiss the amended information on the ground that it was a violation of due process. In response, the State argued that the amended information allowed Kramer to be sentenced to thirty years even if the jury should convict him of a lesser included offense. However, the State stipulated that even if Kramer were found guilty on all counts he could not be sentenced to more than thirty years. Based on this stipulation, the trial court denied the mo *1248 tion to dismiss the amended information with prejudice.
The jury found Kramer guilty of aggravated battery on a pregnant woman, two counts of aggravated child abuse, and two counts of attempted second degree murder. At sentencing, the State asked that the court enforce the original thirty year sentence. However, the court sentenced Kramer to ninety-five years based on what it saw as clear aggravating factors. This appeal timely follows.
We are unpersuaded as to all but one of Kramer’s arguments on appeal. We write only to address the issue of whether the the trial court erred when it denied his motion to dismiss the amended information which added “with a weapon” to the charges of attempted first degree murder and aggravated child abuse. For the reasons explained below, we conclude that the trial court did err in denying the motion.
In Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the defendant was initially charged with a misdemeanor. He was convicted, then filed a notice of appeal. After the defendant filed the notice of appeal, but before he appeared in court, he was indicted for a felony charge based on the same conduct he was tried and convicted for in the misdemeanor charge. The defendant argued that the indictment on the felony charge constituted double jeopardy and also deprived him of due process of law. More specifically, the defendant contended that the indictment on the felony charge constituted a penalty for exercising his statutory right to appeal, and thus contravened the Due Process Clause of the Fourteenth Amendment.
Blackledge noted that the Court had previously held that vindictiveness can play no part in the sentence a defendant receives after bringing a successful appeal. Penalizing a defendant for having successfully pursued a statutory right of appeal or collateral remedy would be a violation of due process. Id. at 25, 94 S.Ct. 2098 (citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). After recounting the earlier cases on this topic, the Court held that “[t]he lesson ... is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of ‘vindictiveness.’ ” Id. at 27, 94 S.Ct. 2098.
In Blackledge the Court concluded that the impression of potential vindictiveness prohibited the subsequent charge. In so holding, the Court pointed out that the prosecutor was the central figure to bringing both charges and had a considerable reason for discouraging such appeals in that they require additional prosecutorial resources. The opinion noted that there was no evidence that the prosecutor actually acted in bad faith or maliciously in seeking the felony indictment. However, “since the fear of such vindictiveness may unconstitutionally deter a defendant’s exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.”
This issue was presented to the trial court in this case via Kramer’s motion to dismiss the amended information. At the hearing on that motion, the state acknowledged that in light of Blackledge, thirty years was the maximum sentence Kramer could receive since he had been sentenced to thirty years in his first trial under the original charging document. The trial court denied the motion specifically pointing out that the state had stipulated to a thirty-year cap. However, the case went before a different judge and Kramer was *1249 ultimately sentenced to ninety-five years in prison.
The Supreme Court has cautioned that “a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision.” U.S. v. Goodwin, 457 U.S. 368, 381, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (rejecting argument that an increase in charges made after a defendant refuses a plea did not trigger the presumption).
In sum, the amended information improperly added “with a weapon” to the charges, after Kramer had successfully appealed his initial sentence and conviction. As a result, we reverse his sentence inasmuch as it was based on an amended information that enhanced the crimes charged. Upon remand, any sentence imposed that is greater than the original thirty year sentence must be imposed in accordance with the constitutional safeguards outlined in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969):
whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
Id. at 726, 89 S.Ct. 2072.
In other words, any sentence on remand which exceeds thirty years must be based on factors which were unknown at the time of the first sentencing, or have occurred since, which would justify a harsher sentence. Those factors must be stated with particularity and specificity. The question is not whether the successor judge is acting vindictively, but rather whether the sentence imposed gives the appearance of vindictiveness.
The case is remanded to the trial court to resentence the defendant consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
KLEIN and MAY, JJ., concur.