WARNER, J.
 

 Ricky Miller appeals his conviction of possession of cocaine. At his trial, he requested that the court instruct the jury on his affirmative defense of lack of knowledge that the substance he possessed was cocaine. The trial court refused to give the instruction. We reverse.
 

 The possession of cocaine charge arose from Miller’s possession of a glass pipe which contained cocaine residue. When Miller testified in his own defense,
 
 *163
 
 counsel had specifically asked Miller whether he knew that cocaine was in the pipe, and Miller denied knowing of any. During the charge conference, the defense requested a jury instruction on lack of knowledge of the illicit nature of a controlled substance, as it was an affirmative defense to the cocaine possession charge. The trial court declined to give the standard instruction on this affirmative defense, because there was no evidence that Miller did not know that cocaine was illegal. Defense counsel argued that the instruction was proper where evidence supported the contention that Miller did not know cocaine was in the pipe confiscated from him. The trial court disagreed and denied the request for the affirmative defense instruction. The court later instructed the jury as follows:
 

 [T]o prove the crime of possessing cocaine, the State must prove three elements beyond a reasonable doubt.
 

 First, they have to prove that Mr. Miller possessed a certain substance. Second, that the substance was cocaine. And third, that Mr. Miller had knowledge of the presence of the substance.
 

 A written copy of the instructions was provided to the jury for its deliberations. The jury convicted Miller of possession of cocaine, along with other charges. He appeals only his conviction for possession of cocaine.
 

 In 2002, the Florida Legislature enacted section 893.101, Florida Statutes, which expressly provides that knowledge of the illicit nature of a controlled substance is not an element of any offense under chapter 893. The statute superseded
 
 Chicone v. State,
 
 684 So.2d 736 (Fla.1996), which had held that the state was required to prove a fourth element of the offense, namely that the defendant knew of the illicit nature of the substance.
 
 See Barrientos v. State,
 
 1 So.3d 1209, 1216 (Fla. 2d DCA 2009). Section 893.101, Florida Statutes, thus makes possession of a controlled substance a general intent crime and provides that lack of knowledge of the illicit nature of a controlled substance is an affirmative defense.
 
 See Wright v. State,
 
 920 So.2d 21, 24 (Fla. 4th DCA 2005).
 

 To prove a cocaine possession charge, the state must prove that the defendant knew that he possessed a substance, which was in fact cocaine, but the state does not have to prove that the defendant knew it was cocaine.
 
 See
 
 Fla. Std. Jury Instr. (Crim.) 25.7. Instead, the defendant may raise by affirmative defense the claim that he did not know the substance was cocaine.
 
 See Burnette v. State,
 
 901 So.2d 925, 927 (Fla. 2d DCA 2005). The affirmative defense does not require that the defendant offer evidence that he did not know that the possession of cocaine was illegal.
 
 [1]
 

 In this case, Miller presented at least some evidence in support of this affirmative defense. He testified that he did not know there was cocaine in the glass pipe. “A criminal defendant is entitled to have the jury instructed on the law applicable to his or her theory of defense where there is
 
 any
 
 evidence to support it, no matter how weak or flimsy.”
 
 Gregory v. State,
 
 937 So.2d 180, 182 (Fla. 4th DCA 2006) (emphasis in original);
 
 Bozeman v. State,
 
 714 So.2d 570 (Fla. 1st DCA 1998). Thus, the trial court should have given the requested instruction on the affirmative defense of lack of knowledge of the illicit nature of the substance. Because the trial
 
 *164
 
 court failed to properly instruct the jury, we reverse.
 

 TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . As is so often incanted, ignorance of the law is not an excuse.
 
 See, e.g., Davis v. State,
 
 928 So.2d 442, 448 (Fla. 5th DCA 2006).