PER CURIAM.
 

 The issue presented in this appeal is whether the trial court erred in denying appellant’s request for a jury instruction on the affirmative defense of lack of knowledge that the substance he possessed was cocaine. We reverse appellant’s conviction for possession of cocaine and remand for a new trial.
 

 Appellant was arrested when a Broward County Sheriff’s deputy witnessed appellant drinking a beer in a gas station parking lot in violation of a local ordinance. After reading appellant his
 
 Miranda
 

 [1]
 

 rights, appellant was frisked by consent. The deputy found a glass tube containing a black substance in appellant’s pocket. Appellant admitted smoking crack cocaine the day before and said he was looking to purchase more cocaine. The deputy field-tested the pipe; the black residue tested positive for cocaine.
 

 The Broward Sheriffs Office Crime Laboratory confirmed the pipe contained trace amounts of cocaine. At trial, a labo
 
 *1160
 
 ratory technician testified that he did not test the pipe for marijuana. Marijuana requires application of more heat than crack cocaine to produce smoke. The glass pipe found on appellant, the technician explained, would break under the high degree of heat needed to smoke marijuana.
 

 Appellant denied possessing any crack cocaine. He explained that the pipe could not contain cocaine because he “smoked out of’ cocaine the previous evening: “If there was any more, believe me, I would have gotten it.” Appellant said he was smoking marijuana, not cocaine, when he was arrested. He also explained that another man used the pipe earlier that afternoon.
 

 One of defense counsel’s primary arguments in closing was that appellant did not know the pipe contained cocaine. Defense counsel requested a jury instruction on the affirmative defense that appellant did not know of the illicit nature of the specific substance found in the pipe. The trial court denied the request, holding that appellant presented no evidence that he had “no knowledge of the illicit nature of the controlled substance.” Because appellant conceded that cocaine was illegal, he could not receive the jury instruction. The jury found appellant guilty of possession of cocaine and possession of drug paraphernalia, and appellant was sentenced to forty months in prison. Appellant appeals only his conviction for possession of cocaine.
 

 Generally speaking, “[a] criminal defendant is entitled to have the jury instructed on the law applicable to his or her theory of defense where there is
 
 any
 
 evidence to support it, no matter how weak or flimsy.”
 
 Gregory v. State,
 
 937 So.2d 180, 182 (Fla. 4th DCA 2006). We review the trial court’s “decision on the giving or withholding of a proposed jury instruction ... under the abuse of discretion standard of review.”
 
 McKenzie v. State,
 
 830 So.2d 234, 236 (Fla. 4th DCA 2002).
 

 Section 893.101(2) states that the “[ljack of knowledge of the illicit nature of a controlled substance is an affirmative defense” to the crime of possession. Should a defendant raise this defense, the statute requires the trial court to instruct the jury that “possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance.” § 893.101(3), Fla. Stat. This court explained the genesis of section 893.101 as follows:
 

 In 2002, the Florida Legislature enacted section 893.101, Florida Statutes, which expressly provides that knowledge of the illicit nature of a controlled substance is not an element of any offense under chapter 893. The statute superseded
 
 Chicone v. State,
 
 684 So.2d 736 (Fla.1996), which had held that the state was required to prove a fourth element of the offense, namely that the defendant knew of the illicit nature of the substance.
 
 See Barrientos v. State,
 
 1 So.3d 1209, 1216 (Fla. 2d DCA 2009). Section 893.101, Florida Statutes, thus makes possession of a controlled substance a general intent crime and provides that lack of knowledge of the illicit nature of a controlled substance is an affirmative defense.
 
 See Wright v. State,
 
 920 So.2d 21, 24 (Fla. 4th DCA 2005).
 

 Miller v. State,
 
 35 So.3d 162, 163 (Fla. 4th DCA 2010). We also explained in
 
 Miller
 
 that the affirmative defense recognized by section 893.101(2) “does not require that the defendant offer evidence that he did not know that the possession of cocaine was illegal.”
 
 Id.
 
 To invoke the defense, the defendant need only argue that he did not know the substance in his possession was cocaine, not that he believed cocaine was a legal substance.
 
 Id.
 

 The facts of
 
 Miller
 
 are almost identical to the facts of this case. In
 
 Miller,
 
 the defendant was searched after his arrest,
 
 *1161
 
 and police discovered a glass pipe in his possession. At trial, “counsel had specifically asked Miller whether he knew that cocaine was in the pipe”; the defendant denied knowledge of any cocaine.
 
 Id.
 
 This court held that the defendant’s testimony that he did not know the pipe contained cocaine “presented at least some evidence in support” of his affirmative defense.
 
 Id.
 
 Finding error, we remanded the case for a new trial.
 

 The single fact distinguishing this case is that appellant conceded he smoked cocaine out of the pipe the day before, whereas the defendant in
 
 Miller
 
 denied possessing cocaine at any point in time. This distinction, however, does not negate appellant’s right to a jury instruction on his affirmative defense, “no matter how weak or flimsy” the defense may seem. The key evidence presented in
 
 Miller
 
 that entitled the defendant to the jury instruction on the affirmative defense was that “[h]e testified that he did not know there was cocaine in the glass pipe.”
 
 Id.
 

 Like the defendant in
 
 Miller,
 
 appellant testified that he did not know the pipe contained cocaine at the exact time of his arrest. Because appellant’s testimony offered some support for the affirmative defense, the trial court erred in denying appellant’s request to give the instruction. Further, because the trial court failed to instruct the jury on appellant’s sole defense, we cannot say that this error was harmless beyond a reasonable doubt.
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). Therefore, we are compelled to reverse and remand for a new trial.
 

 Reversed and remanded.
 

 WARNER, POLEN and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).