[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13915
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:11-cr-00037-LC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE L. WATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 1, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Terrence Watson appeals from his sentence of life imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. He argues that: (1) because his 2002 Florida conviction for possession of a controlled substance was deemed unconstitutional in a recent decision in the Middle District of Florida, the conviction cannot be used to enhance his sentence; and (2) the five-year statute of limitations for challenging predicate convictions, used to enhance a sentence under § 841, should not bar his claim. After careful review, we affirm.

We review de novo a district court's decision applying a sentencing enhancement that results in a life sentence. See United States v. Mazarky, 499 F.3d 1246, 1248 (11th Cir. 2007) (reviewing the legality of a sentence de novo).

Section 841(b)(1)(A) provides that a defendant convicted under that section who previously has been convicted of two or more felony drug offenses shall be sentenced to life imprisonment. 21 U.S.C. § 841(b)(1)(A). After the government files an information pursuant to 21 U.S.C. § 851 identifying the prior convictions relied upon to support the 21 U.S.C. § 841(b)(1)(A) enhancement, the defendant may deny a conviction or claim that a conviction is invalid by filing a written response. 21 U.S.C. § 851(a), (c). "[T]he United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact." 21 U.S.C. § 851(c)(1). The

2

defendant "shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response." 21 U.S.C. § 851(c)(2). However, a defendant cannot challenge the validity of a prior conviction that occurred more than five years before the date that the 21 U.S.C. § 851 information was filed. 21 U.S.C. § 851(e).

As a general rule, we do not allow a defendant to collaterally attack prior convictions being used to enhance his sentence in the sentencing proceeding. United States v. Jackson, 57 F.3d 1012, 1018 (11th Cir. 1995) (concerning challenge to enhancement under Armed Career Criminal Act ("ACCA")). However, in United States v. Roman, 989 F.2d 1117 (11th Cir. 1993) (en banc), we held that if the defendant adduces evidence sufficient to demonstrate that the conviction used to enhance his sentence is "presumptively void," the Constitution requires the sentencing court to review the earlier conviction before taking it into account. Id. at 1119-20. We have suggested that presumptively void cases "are small in number and are perhaps limited to uncounseled convictions." Id. at 1120. If the prior conviction is not "presumptively void," review must be through habeas corpus proceedings. Id. The defendant has the burden of proving that a prior conviction is constitutionally invalid. United States v. Cooper, 203 F.3d 1279, 1287 (11th Cir. 2000); 21 U.S.C. § 851(c)(2).

When we determine whether a state conviction qualifies as a predicate drug offense for enhancement purposes, we are bound by a state's supreme court precedent when interpreting state law, including its determination of the elements of the statute at issue. Johnson v. United States, 559 U.S. ___, 130 S.Ct. 1265, 1269 (2010) (concerning challenge under ACCA enhancement). If the state supreme court has not definitively determined a point of state law, we are bound to adhere to decisions of the state's intermediate courts, absent some indication that the state supreme court would hold otherwise. Williams v. Singletary, 78 F.3d 1510, 1515 (11th Cir. 1996) (§ 2254 case).

In this case, Watson's challenge fails because he did not challenge the validity of his prior state conviction for a violation of Fla. Stat. § 893.13 within the required five-year time period. He first challenged his 2002 conviction in 2011, over four years after the statute of limitations had run in 2007. See 21 U.S.C. § 851(e). Section 851(e) does not provide for any exceptions to the five-year statute of limitations, and Watson offers no authority for the proposition that the limitations period does not apply if the statute underlying a prior conviction is declared unconstitutional years after the statute of limitations has run. Moreover, we have upheld the validity of the statute of limitations in § 851(e), stating that the five year limitation period is

4

"reasonably tailored to impose enhanced sentences on recidivists." United States v. Williams, 954 F.2d 668, 673 (11th Cir. 1992).

In any event, even if Watson's challenge was timely, the district court did not err in sentencing Watson to an enhanced sentence of life imprisonment because Watson has not shown that his prior conviction is presumptively void. Roman, 989 F.2d at 1119-20. In making this determination, we are bound to follow Florida state court interpretations of Florida state law. Johnson, 130 S.Ct. at 1269. Florida courts have interpreted the statute at issue to be a constitutional general intent statute. See Wright v. State, 920 So.2d 21, 24 (Fla. 4th DCA 2005); see also Miller v. State, 35 So.3d 162, 163 (Fla. 4th DCA 2010); Lamore v. State, 983 So.2d 665, 669 (Fla. 5th DCA 2008). Therefore, the recent federal district court holding in Shelton v. Sec'y Dep't of Corrs., 802 F.Supp.2d 1289 (M.D. Fla. 2011) -- that the Florida statute underlying one of Watson's convictions used to enhance his sentence is unconstitutional -- is of no avail. Accordingly, he has not shown that his prior conviction is presumptively void, and we affirm.

**AFFIRMED.**