TAYLOR, J.
The defendant, Robert Funchess, appeals his conviction for petit theft.[1] He raises three issues on appeal. He argues that the trial court erred in (1) failing to instruct the jury on his theory of defense; (2) allowing photographs into evidence that were not disclosed in discovery and placing the burden on the defense to show actual prejudice; and (3) not allowing impeachment of a witness with his prior inconsistent statement. We reverse and remand for a new trial on the first issue: failure to instruct the jury on the defendant’s good faith theory of defense.
The defendant makes his living by hauling debris and salvaging scrap. He testified at his trial that on December 8, 2009, he spotted a dumpster filled to the brim with aluminum and concrete. The dumpster was located behind a closed restaurant that was undergoing renovations. A tall Hispanic man in casual wear was standing next to it. The defendant parked his truck and walked over to the dumpster. He asked the man if it would be alright if he hauled off the scrap. The man told him he could take anything in the dumpster and anything lying against the wall. However, because the defendant’s truck was already filled with scrap from a long day of scavenging, he decided to return in the morning.
The next day, the defendant returned to the area and began loading his truck with scrap aluminum. After two hours or so, his truck was fully loaded. As he was winding up, the property owner, James Waddell, drove up and walked over to the defendant. Waddell wanted to know what the defendant' was doing with his scrap. The defendant explained that a man had told him he could take it, and he described this man to -Waddell. Waddell told the defendant that he did not have any Hispanic workers. He then asked the defendant how he was going to pay for everything. The defendant told Waddell that he had no money and that this was just a misunderstanding.
Waddell spotted a patrol car parked nearby and signaled for assistance. After speaking to Waddell, a police service aide called for backup. Two officers arrived on the scene and spoke with Waddell and the defendant. They saw a dumpster filled with scrap and a truck loaded with scrap. Waddell told the officers that the defendant did not have permission to take the scrap; the defendant explained why he thought he had permission. One of the officers took pictures of the scene and then arrested the defendant.
The defendant was charged with grand theft. On the second day of his jury trial, the state informed the court and defense counsel that it had photographs from the crime scene. Defense counsel was unaware that photographs had been taken. He objected to admission of these photographs, whereupon the court conducted a Richardson[2] inquiry.
The prosecutor advised the court that he had just found out about the photographs *1110 that morning. He discovered them when he called down to the property room to retrieve documents regarding restitution. The court accepted the state’s explanation and determined that the state had not deliberately failed to disclose the photographs. After questioning defense counsel about any prejudice resulting from the late disclosure, the trial court determined that the defendant did not demonstrate actual prejudice from admission of the photographs. The court stated: “The fact of the matter is, the allegation in this case is that he had certain scrap metal in his vehicle. These photographs are consistent with the testimony that was heard in court. And I don’t think the defense in this case is the defendant never had scrap metal in his car. The question is one of either knowledge or permission.”
During cross-examination, Waddell testified that the defendant offered to pay for the scrap after he was arrested. Defense counsel asked Waddell if he had ever given an inconsistent statement. The state objected to the question’s relevance.
Defense counsel informed the trial court that he had Waddell’s prior written statement, in which he said that the defendant offered to buy the scrap before he was arrested. The court determined that this statement was inconsistent, but it sustained the state’s objection, finding that it was wholly irrelevant. Later on, defense counsel was able to elicit the gist of Wad-dell’s prior statement when he asked him if he ever offered to take the defendant’s money for the scrap metal.
During the charge conference, the defendant requested a special jury instruction on his theory of defense that he had apparent authority or permission to remove the property in question. The court declined to give the instruction, reasoning that his theory of defense was adequately covered by the standard theft instruction. The court instructed the jury as follows:
To prove the crime of Theft, the state must prove the following two elements beyond a reasonable doubt:
1. ROBERT FUNCHESS knowingly and unlawfully obtained or endeavor [sic] to obtain the property of James Waddell.
2. He did so with intent to, either temporarily or permanently,
a. deprive James Waddell of his right to the property or any benefit from it.
or
b. appropriate the property of James Waddell to his own use or to the use of any person not entitled to it.
The jury found the defendant guilty of the crime of petit theft.
Generally, “ ‘[a] criminal defendant is entitled to have the jury instructed on the law applicable to his or her theory of defense where there is any evidence to support it, no matter how weak or flimsy.’ ” Quick v. State, 46 So.3d 1159, 1160 (Fla. 4th DCA 2010) (quoting Gregory v. State, 937 So.2d 180, 182 (Fla. 4th DCA 2006)). The defendant is entitled to a special jury instruction if the following three elements are satisfied: (1) the special instruction was supported by the evidence; (2) the standard instruction did not cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing. Dorsey v. State, 74 So.3d 521, 526 (Fla. 4th DCA 2011) (citing Stephens v. State, 787 So.2d 747, 756 (Fla.2001)). All three elements were satisfied here. First, the special instruction was supported by the evidence. “A good faith belief in one’s right to possession of property is a defense to the charge of theft.” Alfaro v. State, 837 So.2d 429, 432 (Fla. 4th DCA 2002) (citing Rodriguez v. State, 396 So.2d 798, 799 (Fla. 3d DCA 1981)). The defendant’s testimony, if accepted by the jury, established *1111 his good faith belief that he had permission to remove the scrap from someone with apparent authority to give him permission.
Second, the standard jury instruction was inadequate to cover the theory of defense. The defendant admitted that he “knowingly obtained the property of James Waddell with intent to deprive him of its enjoyment.” However, his sole defense, that he believed he had permission to do so, is not included in the standard instruction. The standard instruction covers only the essential elements of theft to be proved.
Third and finally, the proposed jury instruction, though perhaps inartfully crafted, was not misleading or confusing; nor was it an inaccurate statement of the law. We thus agree with the defendant that the trial court erred in refusing to instruct the jury on his defense of a good faith belief in his right to possession of the property. Moreover, because this was the defendant’s sole defense at trial, we cannot say the error was harmless. Quick, 46 So.3d at 1161. We therefore reverse and remand for a new trial.
Because we are reversing and remanding this case for a new trial, the discovery issue raised by the defendant will be moot. However, we choose to address an evidentiary issue that may arise during the retrial of this case. The defendant argues that the trial court erred in refusing to allow him to impeach James Waddell with a prior inconsistent statement. Waddell testified that the defendant offered to pay for the materials, but made the offer only “after the police had actually already taken him into custody.” Defense counsel sought to impeach Wad-dell with his prior statement that the defendant made the offer before they went to the police. When shown the prior statement, the trial court agreed that it was a prior inconsistent statement, but the court did not allow impeachment, reasoning that the timing of the offer to pay — before or after police involvement — was immaterial.
 “To determine the proper scope of a defendant’s cross-examination in a criminal case, a court must keep in mind ‘the expansive perimeters of subject matter relevance which the constitutional guarantee of cross-examination must accommodate to retain vitality.’ ” Stotler v. State, 834 So.2d 940, 943 (Fla. 4th DCA 2003) (quoting Coxwell v. State, 361 So.2d 148, 151 (Fla.1978)). Under Coxwell, “a fair and full cross-examination of a witness upon the subjects opened by the direct examination is an absolute right, as distinguished from a privilege, which must always be accorded to the person against whom the witness is called.... ” 361 So.2d at 151 (quoting Coco v. State, 62 So.2d 892, 894-95 (Fla.1953)).
Cross-examination “is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut or make clearer the facts testified to in chief.” Id.; accord McDuffie v. State, 970 So.2d 312, 324-25. Of course, the defendant’s right to a fair and full cross-examination includes the right “to impeach the credibility of the witness.” Romero v. State, 901 So.2d 260, 266 (Fla. 4th DCA 2005) (quoting Steinhorst v. State, 412 So.2d 332, 337 (Fla.1982)).
In this case, impeachment of Waddell with his prior inconsistent statement regarding the timing of the defendant’s offer to pay went to the “subject matter” of Waddell’s testimony and bore on his credibility. The trial court thus erred in refusing to allow the impeachment. On retrial, if Waddell again testifies that the defendant offered to pay for the materials only after police had already taken him into custody, the trial court should allow the defense to impeach Waddell with his prior *1112 inconsistent statement that the defendant made the offer before the police arrived.

Reversed and Remanded.

CIKLIN and GERBER, JJ., concur.

. The defendant was originally charged with grand theft, but at the close of the state's evidence the trial court granted his motion for judgment of acquittal based on insufficient evidence of the property’s value.

. Richardson v. State, 246 So.2d 771 (Fla.1971).