WARNER, J.
Convicted of felony retail theft in violation of section 812.015(8)(a), Florida Statutes, Toccara McClover appeals, arguing that the trial court erred in refusing to give her requested jury instruction on abandonment. We agree that the court erred in failing to give the instruction. We therefore reverse.
An asset protection associate at a Wal-Mart store in Port St. Lucie, testified that on surveillance cameras he watched two females come into the store in the early morning hours and select expensive electronic items which they placed in their shopping cart. They then headed to the garden center. No cash register was open in the center at that time of night. One woman waited near an emergency exit in the garden center with the cart of merchandise, while appellant McClover left the store through the front entrance. McClo-ver was not seen taking anything from the store. Upon leaving the store McClover was seen making a phone call. At the same time, the other woman, who was still in the store next to the cart, was seen talking on her phone. Right away she walked away from the merchandise and left the store without taking anything, leaving the items near the back exit of the store.
Suspicious of the women, the asset protection associate had called the police who were in the parking lot by the time McClo-ver left the store. The associate followed the females out of the store and saw them get into a car. He went to the police vehicle and pointed out the car with the women in it. The police stopped them in the next plaza and found merchandise *927 from another Wal-Mart in the trunk. An asset protection specialist from that Wal-Mart reviewed his store’s surveillance tapes and found video of the same two women in his store. He also came to the place where the police stopped the women and identified his store’s merchandise in their vehicle.
During the charge conference at trial, McClover’s counsel requested an instruction on abandonment. Specifically, she requested that the court instruct the jury that “[i]t is not an attempt to ... commit the crime charged if the defendant abandoned her attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of her criminal purpose.” The state objected, and the court denied the requested instruction, reasoning that in order to warrant the instruction, the defendant had to admit an attempt to take the goods, which itself was a crime because the theft statute covered an endeavor to take goods of another. Therefore, the court found that the instruction was unwarranted.
Capitalizing on the absence of an abandonment instruction,. the prosecutor argued to the jury in closing, “If you have the intent to steal something and you possess that item it is stolen.” The jury found McClover guilty as charged of retail theft. She was sentenced to forty-eight months imprisonment in the DOC with credit for time served. She appeals her conviction.
The court reviews a trial court’s decision to give or refuse a proposed jury instruction under the abuse of discretion standard of review. Quick v. State, 46 So.3d 1159, 1160 (Fla. 4th DCA 2010); McKenzie v. State, 830 So.2d 234, 236 (Fla. 4th DCA 2002). “However, the trial judge’s discretion is fairly narrow because a criminal defendant is entitled, by law, to have the jury instructed on his theory of defense if there is any evidence to support his theory and the theory is recognized as valid under Florida law.” Palmore v. State, 838 So.2d 1222, 1223 (Fla. 1st DCA 2003) (citing Mora v. State, 814 So.2d 322, 330 (Fla.2002)).
Longval v. State, 914 So.2d 1098 (Fla. 4th DCA 2005), undercuts the trial court’s analysis that an instruction on abandonment was inapplicable to crimes involving an attempt. In Longval, also involving a theft from a Wal-Mart, the defendant sought an instruction on voluntary abandonment. We noted that section 777.04(5)(a), Florida Statutes (2004), establishes a statutory abandonment defense, providing:
“It is a defense to a charge of criminal attempt, ... that, under circumstances manifesting a complete and voluntary renunciation of his or her criminal purpose, the defendant:
(a) [abandoned his or her attempt to commit the offense or otherwise prevented its commission.”
Longval, 914 So.2d at 1100. We explained that the crime of grand theft includes an attempt within its substantive provisions, as a theft occurs when one “endeavors” to obtain the property of another. Id. at 1101 (citing State v. Sykes, 434 So.2d 325, 327 (Fla.1983)). “‘The substantive, completed crime is fully proven when an attempt, along with the requisite intent, is established.’” Id. (quoting Sykes, 434 So.2d at 327). “Tf a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime.’ ” Id. (quoting King v. State, 339 So.2d 172, 172 (Fla.1976)). We held in Longval that “[s]ince the legislature has expanded the defense of abandonment to apply to ‘criminal attempts,’ we believe the defense applies where the legislature defines a substantive crime to include an *928 attempt.” 914 So.2d at 1101. Therefore, the court erred in refusing to give the voluntary abandonment instruction where the defendant did not leave the store with any property.
Similarly, in this case, the defendant was entitled to the abandonment instruction where both she and her companion left the store without taking any merchandise. This is particularly true where the defendant was charged, not with grand theft, but with retail theft. Section 812.015(l)(d) defines retail theft as:
taking possession of or carrying away of merchandise, property, money, or negotiable documents; altering or removing a label, universal product code, or price tag; transferring merchandise from one container to another; or removing a shopping cart, with intent to deprive the merchant of possession, use, benefit, or full retail value.
The defendant put goods in a shopping cart, like any other shopper. She did not leave the store with any unpaid merchandise, nor did her companion. She did not conceal the merchandise, place it in another container, or alter product codes or price tags. By merely placing the merchandise in a store cart, a jury could find that there was no “taking possession” to the exclusion or deprivation of Wal-Mart, nor was there a “carrying away” of merchandise when none of it left the store, even though she may have attempted to commit retail theft by having an intent to do so and placing the items in the cart. A jury could also find that she abandoned her attempt when she and her companion left the goods in the store. Because the substantive statute therefore includes conduct which amounts to an attempt, she was entitled to the instruction on abandonment. See Longval, 914 So.2d at 1101-02.
For the foregoing reason, we reverse the conviction and sentence and remand to the trial court for a new trial.
GROSS and LEVINE, JJ., concur.