Damoorgian, J.
Toceara McClover appeals her conviction and sentence for two counts of felony retail theft. Appellant argues that the trial court reversibly erred by: (1) denying her motion to discharge one of the counts on the ground that the speedy trial time period had run; (2) denying her motion to dismiss one of the counts because it was presumptively the result of prosecutorial vindictiveness; (3) imposing an inherently vindictive sentence; and (4) incorrectly instructing the jury on her abandonment defense. We reverse on grounds 2 and 4, rendering ground 3 moot, and affirm on ground 1.
The following facts are relevant to this appeal. A loss prevention officer (“LPO”) at a Wal-Mart located on Gatlin Boulevard in Port St. Lucie (“the Gatlin Wal-Mart”) noticed Appellant and her co-defendant acting suspiciously and called the police. Although the women did not end up actually taking any merchandise from the Gatlin Wal-Mart, they were still stopped by the police. Once pulled over, the police officer who initiated the stop discovered that their vehicle was full of new merchandise which was stolen an hour or so earlier from another nearby Wal-Mart (“the US1 Wal-Mart”).
Appellant was charged with one count of felony retail theft. The State proceeded to trial based solely on Appellant’s conduct at the Gatlin Wal-Mart. Appellant was found guilty as charged and sentenced to forty-eight months in prison. McClover v. State, *98 125 So.3d 926 (Fla. 4th DCA 2013). We reversed and remanded for a new trial because the court declined to give an instruction on Appellant’s abandonment defense. Id. at 928.
On remand, the State amended the information to add a second count of felony-retail theft for Appellant’s role in the US1 Wal-Mart theft. Appellant filed a motion to dismiss the additional theft count, arguing that the State’s decision to add the second count after her successful appeal created a presumption of prosecutorial vindictiveness. Appellant also argued that she was entitled to a discharge on that count on the grounds that it violated her right to speedy trial since she was first arrested for her roles in both thefts in 2010.
At the hearing on Appellant’s motion to dismiss, the prosecutor explained that he was not the original prosecutor and that upon being assigned the case after remand, he was “surprised” to see that the original prosecutor, who was inexperienced at the time, chose to prosecute the Gatlin Wal-Mart theft instead of the US1 Wal-Mart theft. After confirming that there was no statute of limitations problem, the new prosecutor decided to file the additional theft count. The prosecutor argued that the amended charge was not vindictive because it was not an enhancement of the charge on remand but instead was a charge emanating from a completely separate criminal episode. The court agreed with the state and denied Appellant’s motion to dismiss the added US1 Wal-Mart charge. The court reasoned that the fact that Appellant prevailed on appeal did not prevent the state from charging her with an additional crime committed at the US1 Walmart which the court concluded was a separate and distinct criminal episode from the Gatlin Wal-Mart charge. The court also denied Appellant’s motion to discharge for violation of speedy trial.
On retrial now for both charges, the State introduced testimony from the LPOs from both the Gatlin and US1 Wal-Marts as well as the arresting officer. The Gatlin Wal-Mart LPO testified that while looking at store surveillance in the early morning hours of July 13, 2012, he noticed Appellant and another woman acting suspiciously. Specifically, he saw them put several high ticket electronics items, such as TVs and computers, in their cart, and then head to the garden department. At that time of night, the garden department was open to shopping but not open as an entrance, exit, or checkout point.
Anticipating a theft, the LPO called the police while continuing to monitor the women’s movements. The women took their cart to the back corner of the garden center where there was an emergency exit and started putting some of their items in a large planting pot. Appellant left and went to the outside of the Wal-Mart, and then made a phone call. At the same time, the woman who stayed behind with the cart received a phone call. After hanging up, the woman in the garden section abandoned the cart and made her way to the front of the store. Both women left together without any merchandise as the police were arriving. The LPO pointed out the women’s vehicle to the officer, and the officer pursued the vehicle.
The officer testified that he pulled over the women’s vehicle in a nearby parking lot. The LPO met the officer at the traffic stop and confirmed that the women were the same women he saw in the store. Inside of the vehicle, the officer found merchandise such as laptops and DVD players, some of which had security tags from the US1 Wal-Mart.
After law enforcement found the merchandise in Appellant’s car, the LPO called his counterpart at the US1 Wal-Mart. A LPO from the US1 Walmart went to the *99 scene of the traffic stop and was able to identify the merchandise found in Appellant’s vehicle as merchandise that came from the US1 Wal-Mart. By reviewing barcodes on the recovered items as well as the store’s security footage, it was established that Appellant and her co-defendant had stolen the merchandise from the US1 Wal-Mart a few hours earlier. The surveillance tape from the US1 Wal-Mart showed that the women put items in the cart together, took the cart to the garden center, and then Appellant left and pulled the vehicle up to the garden center while the co-defendant exited through the emergency exit with the items.
During the jury instruction charge conference, the parties disagreed on the content of the abandonment defense instruction with respect to the Gatlin Wal-Mart theft charge. Appellant’s counsel argued that the instruction should be given on the charged count of retail theft. The state countered that attempted retail theft is a lesser-included offense of retail theft and is the only offense to which the defense of abandonment applies. The court, admittedly confused by our opinion from the first toial, sided with the State. Ultimately, in addition to the standard instruction on retail theft, it instructed the jury as follows:
ATTEMPT TO COMMIT CRIME (for Count 1 only) § 777.04(1), Fla.Stat.
To prove the crime of Attempt to Commit Retail Theft, the State must prove the following two elements beyond a reasonable doubt:
1. Toccara McClover did some act toward committing the crime of Retail Theft that went beyond just thinking or talking about it.
2. She would have committed the crime except that someone prevented her from committing the crime of Retail Theft or she failed.
It is not an attempt to commit Retail Theft if the defendant abandoned her attempt to commit the offense or otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of her criminal .purpose.
Appellant was found guilty on both counts and was sentenced to forty-eight months in prison on each count to run concurrent. This appeal follows.
Speedy Trial
First, Appellant argues that the court erred in denying her motion to discharge the US1 Wal-Mart theft count. Specifically, she argues that the state violated the rules governing speedy trial by amending the information to add the count more than 175 days after Appellant was first arrested for the criminal episode which gave rise to the US1 Wal-Mart charge. However, the record reflects that Appellant waived speedy trial shortly after her arrest.[1] This waiver served as a waiver for all charges arising from Appellant’s initial arrest. See Wallace v. State, 189 So.3d 1022, 1026 (Fla. 3d DCA 2016) (“A speedy trial waiver is an ongoing waiver. It applies to newly filed charges that arise from the same incident.”); State v. Gibson, 783 So.2d 1155, 1159 (Fla. 5th DCA 2001) (“Florida courts have consistently held that a waiver of speedy trial as to the initial information applies to amended or subsequently filed informations that charge additional crimes provided those crimes arise out of the same criminal episode as the crime initially charged.”). Accordingly, there was no speedy trial violation.
*100 Prosecutorial Vindictiveness
Appellant also argues that the court erred in denying her motion to dismiss the US1 Wal-Mart theft charge because it was presumptively the result of prosecutorial vindictiveness. In support of her argument, Appellant cites to the fact that the state knew about the events giving rise to the US1 Wal-Mart theft charge in 2010, but chose not to file a charge until after Appellant prevailed on appeal. The state counters that there is no presumption of vindictiveness since the two charges arose out of different criminal episodes, even though the modus operandi between the two was strikingly similar.
The Supreme Court has established two standards of proof for prosecu-torial vindictiveness. Under the first standard, a defendant may prove by objective evidence that a prosecutor has acted with “actual vindictiveness” to punish him for exercising his constitutional rights. United States v. Goodwin, 457 U.S. 368, 380, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Under the second standard, a defendant may present evidence which establishes a presumption that there is a realistic likelihood of vindictiveness. Blackledge v. Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Once this presumption is established, the burden of proof shifts to the state to overcome the presumption with objective evidence justifying the prosecuto-rial action. United States v. Jenkins, 504 F.3d 694, 700 (9th Cir. 2007). The presumption arises when a defendant who prevails on appeal is then charged with an enhanced or additional crime based on the same conduct he or she was originally tried for. Id.
In Blackledge, the defendant was initially charged and convicted of a misdemean- or, which he appealed. 417 U.S. at 22, 94 S.Ct. 2098. After the defendant filed the notice of appeal, the government charged him with a felony based on the same conduct he was tried and convicted for in the misdemeanor charge. Id. at 23, 94 S.Ct. 2098. The Supreme Court held that the government’s conduct created a presumption of prosecutorial vindictiveness which offended due process. Id. at 27, 94 S.Ct. 2098. In so holding, the Court noted that there was “no evidence that the prosecutor in this case acted in bad faith or maliciously in seeking a felony indictment.” Id. at 28, 94 S.Ct. 2098. However, it clarified that its holding was not based on the prosecutor’s actual intentions but was instead based on the outward appearance of its actions. Id. at 28, 94 S.Ct. 2098. The Court concluded that “a person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.” Id.
Relying on Blackledge, this Court held in Kramer v. State, 868 So.2d 1246, 1248-49 (Fla. 4th DCA 2004) that the state’s decision to add the enhancement of “with a weapon” to the charged crimes of attempted first degree murder and aggravated child abuse after the defendant prevailed on appeal created a presumption of prose-cutorial vindictiveness.
Although Blackledge and Kramer held that a presumption of prosecutorial vindictiveness arises when the state enhances a charge which a defendant was tried and convicted of following an appeal by the defendant, Appellant argues that the presumption may also arise when the state files additional charges after an appeal. In support of her position, Appellant relies on United States v. Jenkins, 504 F.3d 694 (9th Cir. 2007).
*101 In Jenkins, the defendant was apprehended attempting to drive a van full of marijuana across the U.S.-Mexico border. Id. at 698. At her trial, the defendant testified on her own behalf and explained that she was hired to drive the van, but did not know that it contained marijuana. Id. Instead, she thought she was hired to transport illegal aliens. Id. Indeed, the defendant was caught smuggling immigrants twice in the preceding year. Id. Despite the fact that defendant admitted to the crimes upon being caught, she was not charged for either incident at that time. Id. While the jury was deliberating in the marijuana case, the government filed charges against the defendant for the alien smuggling incidents. Id. The defendant moved to dismiss the smuggling charges on the ground of vindictive prosecution. Id. At the hearing on the defendant’s motion, the government’s attorney conceded that the government could have charged the defendant with alien smuggling prior to her marijuana trial, but asserted that it decided to file the charges after the defendant testified because her testimony strengthened its case. Id. at 699. The trial court granted the defendant’s motion to dismiss, and the circuit court of appeal affirmed. Id.
In doing so, the court acknowledged “the proposition that the mere filing of a second, unrelated charge after a first charge does not give rise to a presumption of vindictiveness.” Id. at 701. However, it also rejected the notion that “a presumption of vindictiveness can never arise when the second charge is unrelated to the first.” Id. The court held that under the specific posture of the case, namely that the government decided “to press charges only after [the defendant] asserted a reasonably credible defense to the marijuana importation charges,” there was “at the very least, a ‘reasonable or realistic likelihood’ that the government’s decision was motivated by a retaliatory purpose.” Id. at 700. The court concluded that the government failed to rebut the presumption of vindictiveness and, therefore, affirmed the dismissal of the smuggling charges. Id. at 700-01.
The State argues that Jenkins is not controlling because the court in Jenkins acknowledged “the mere filing of a second, unrelated charge after a first charge does not give rise to a presumption of vindictiveness.” Without the presumption and with no direct evidence to support a finding that the filing of the US1 Wal-Mart theft was in retaliation for Appellant’s appeal, the state reasons that the trial court’s ruling on Appellant’s motion was correct.
We disagree with the state’s argument, and hold that under the facts of this case, Appellant has met her burden to establish a presumption of vindictiveness. Here, although the state had all of the information necessary to bring and prosecute Appellant on the US1 Wal-Mart theft in 2010, it did not file a charge until after Appellant prevailed on appeal more than four years later. Indeed, at the hearing on Appellant’s motion to dismiss, the prosecutor essentially admitted that Appellant would not have been charged with the US1 Wal-Mart theft but for the fact that the case was remanded for retrial on the single charge involving the Gatlin Wal-Mart. Finally, and perhaps most compelling, the state added the second count shortly after Appellant filed a motion in limine seeking to exclude the surveillance tape from the US1 Wal-Mart at the retrial. Under these facts, it is reasonable to presume that the state feared the possibility of Appellant being acquitted of the Gatlin Wal-Mart theft upon the jury being properly instructed on abandonment, particularly if the evidence of the US1 Wal-Mart theft was excluded from the trial on the original count involving the Gatlin Wal-Mart.
*102 Pertinent to our conclusion that Appellant was entitled to the presumption of vindictiveness is the logic employed by the Supreme Court in Blackledge in discussing why a presumption of vindictiveness arose after the government enhanced a charge following an appeal. The Court reasoned that retaliatory motivation was more likely following an appeal because a prosecutor has “considerable stake in discouraging” defendants from appealing and obtaining a new trial “since such an appeal will clearly require increased expenditures of prosecu-torial resources before the defendant’s conviction becomes final, and may even result in a formerly convicted defendant’s going free.” Blackledge, 417 U.S. at 27, 94 S.Ct. 2098. As later noted by the Supreme Court in Goodwin, the decision in Black-ledge “reflect[s] a recognition by the Court of the institutional bias inherent in the judicial system against the retrial of issues that have already been decided.” 457 U.S. at 376, 102 S.Ct. 2485.
Having concluded that Appellant was entitled to a presumption of vindictiveness, the state was compelled to overcome the presumption by “objective evidene justifying the prosecutor’s action.” Id. 376 n.8, 102 S.Ct. 2485. “The prosecution must show that the additional charges did not stem from a vindictive motive, or [were] justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness.” Jenkins, 504 F.3d at 701 (internal quotation marks and citation omitted). The only evidence against vindictiveness was the prosecutor’s own testimony at the motion to dismiss hearing. There, the prosecutor explained that he filed the US1 Wal-Mart theft charge not out of vindictiveness, but to remedy a rookie prosecutor’s error the first time around. We hold that the state failed to meet its burden. Our conclusion is supported by the fact that the state acknowledged that it would not have filed the second charge but for the fact that Appellant prevailed on appeal, and the State was likely motivated by the filing of the motion in limine.[2]
Based on the foregoing, we hold that the court erred in denying Appellant’s motion to dismiss the US1 Wal-Mart theft charge and, therefore, reverse and remand Appellant’s conviction on the US1 Wal-Mart theft and instruct the court to dismiss the charge. In light of our holding on the US1 Wal-Mart count, Appellant must be retried on the Gatlin Wal-Mart count.
Abandonment Instruction
On remand, the court will again be faced with the issue of how to properly instruct the jury on Appellant’s abandonment defense. During Appellant’s first trial, the court refused to give an abandonment defense instruction as proposed by Appellant because “in order to warrant the instruction, the defendant had to admit an attempt to take the goods, which itself was a crime because the [retail] theft statute covered an endeavor to take goods of another.” McClover, 125 So.3d at 927. We reversed, holding that Appellant was entitled to an abandonment defense instruction. Id. at 928. In doing so, we confirmed that under the retail theft statute, an attempt to commit retail theft is retail theft. Id. (citing § 812.015(l)(d), Fla. Stat. (2012)). We also confirmed that the defense of abandonment only applies to an attempt. Id. Putting the two concepts together, we *103 held that when an attempt is subsumed in the substantive crime, the defense of abandonment applies. Id. In other words, a person who attempts to commit a retail theft can still be guilty of retail theft. Id. However, a person who is allegedly guilty of retail theft via an attempt may nonetheless assert abandonment of the attempt as a defense. Id.
Despite the court’s valiant effort to fashion an abandonment instruction consistent with our mandate on remand, the court instructed the jury that attempted retail theft was a lesser-included offense of retail theft. In fact, they are one in the same. Accordingly, on the retrial for the Gatlin Wal-Mart theft, the court should add the following language (modeled off of the standard abandonment instruction) to the standard instruction on retail theft:
The defendant did not commit Retail Theft if the defendant abandoned her attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of her criminal purpose.

Affirmed in part and reversed in part and remanded for retrial.

Gross and May, JJ., concur.

. The docket notes that Appellant waived speedy trial at an October 12, 2010 docket call.

. Our opinion should not be read as holding that evidence of the US1 Wal-Mart theft is inadmissible at the new trial on the Gatlin Wal-Mart theft. Indeed, evidence of the US1 Wal-Mart was admitted in Appellant’s first trial as Williams rule evidence and its admission was not challenged on appeal. McClover v. State, 125 So.3d 926, 926 (Fla. 4th DCA 2013).