[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14091
Non-Argument Calendar

_____

D.C. Docket Nos. 5:17-cv-00096-WTH-PRL; 5:06-cr-00029-WTH-PRL-1

CARL ST. PREUX,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(January 23, 2020)

Before GRANT, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

Carl St. Preux appeals the district court's denial of his motion, which he argues is a Federal Rule of Criminal Procedure 60(b) motion, instead of a second or successive 28 U.S.C. § 2255 motion for which he had not obtained permission.  On

appeal, St. Preux says that his motion was a proper Rule 60(b) motion because it did not attack the merits of the district court's earlier decision, but rather, argued that the court procedurally erred by applying 21 U.S.C. § 851(e)'s statute of limitations and declining to consider the merits of his claim.  After careful review, we affirm.

We review de novo questions concerning jurisdiction.  Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007).

Fed. R. Civ. P. 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence.  Fed. R. Civ. P. 60(b); Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Fed. R. Civ. P. 60(b) provides a basis for a party to seek relief from a final judgment in a § 2255 proceeding only to the extent that the rule does not conflict with the limitations on successive motions in the Antiterrorism and Effective Death Penalty Act.  See Gonzalez, 545 U.S. at 529–30.  To obtain relief under Rule 60(b)(6), a party must show "extraordinary circumstances" justifying reopening a final judgment, and this rarely happens in the habeas context.  Id. at 535.  A court should treat a motion couched in terms of Rule 60(b) as a successive § 2255 motion if it: (1) "seeks to add a new ground for relief" or (2) "attacks the federal court's previous resolution of a claim on the merits."  Id. at 532 (emphasis omitted).  When a Rule 60(b) motion qualifies as a second or successive habeas petition, a

2

district court lacks jurisdiction to consider it absent authorization from us.   See 28 U.S.C. § 2255(h).

A petitioner's motion attacks a prior ruling "on the merits" when it alleges "that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzalez, 545 U.S. at 532.  It does not, however, attack a prior ruling "on the merits" when it "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4.

As the record reflects, St. Preux was found guilty in 2007 of conspiracy to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and his sentence was enhanced, through 21 U.S.C. § 851(e), based on two prior felony drug convictions, one from March 1995 and one from November 1998.  In 2011, St. Preux filed a motion in the district court under 28 U.S.C. § 2255, arguing, among other things, that "he should be re-sentenced because [his 1998] predicate state conviction[,] which was used to enhance his federal sentence to a mandatory term of life imprisonment under 21 U.S.C. § 851[,] has now been dismissed by the state court." St. Preux v. United States, 539 F. App'x 946, 947 (11th Cir. 2013) (unpublished).  The district court rejected this claim, on the ground that a defendant cannot challenge a predicate conviction used to enhance his sentence under § 851 if that conviction is more than five years old.  On appeal, we affirmed, holding that

3

"[u]nder the plain language of [§ 851(e)], St. Preux's challenge to the use of his 1998 state conviction as a basis for a federal sentencing enhancement is foreclosed by" the statute's five-year time limitation. Id. at 948.

Thereafter, in 2017, St. Preux filed the instant motion in the district court, again challenging whether his 1998 conviction was a valid basis for his sentence enhancement, arguing that because adjudication was withheld for his 1998 conviction, it was not a felony conviction that triggered a mandatory life sentence, pursuant to Stewart v. United States, 646 F.3d 856 (11th Cir. 2011). He labeled the instant motion as proceeding under both 28 U.S.C. § 2255 and Rule 60(b). The district court dismissed St. Preux's motion as a successive § 2255 motion for which he had not obtained authorization from this Court.

We agree with the district court that St. Preux's motion, which he now styles as a Rule 60(b) motion, was a successive § 2255 motion that it had no jurisdiction to consider without permission from this Court. As we've said, a district court should treat a motion couched in terms of Rule 60(b) as a successive § 2255 motion if it "attacks the federal court's previous resolution of a claim on the merits." Gonzalez, 545 F.3d at 532 (emphasis omitted). St. Preux's motion makes clear that he is disputing the district court's application of § 851(e) to enhance his sentence -- he argues that in denying his initial § 2255 motion, the district court "failed to apply the ruling in" Stewart, which, he says, confirmed that he was entitled to relief and

4

that his present motion was not successive.  Further, in his brief in this appeal, St. Preux claims that in ruling on his initial § 2255 motion, the district court applied "the wrong principle" from United States v. Watson, 461 F. App'x 887 (11th Cir. 2012) (unpublished), which held that there are no exceptions to § 851's five-year limitations period for challenging a prior conviction unless the defendant could show that his prior conviction was "presumptively void" or "constitutionally invalid."

As the record reflects, both of St. Preux's arguments -- relying on Stewart and Watson -- are directed at the resolution of the question posed by St. Preux's initial § 2255 motion, which was whether § 851(e), as a legal matter, applied to his habeas proceeding.  Notably, these arguments do not address any fraud, factual mistake, newly discovered evidence, or other grounds that would allow St. Preux's motion to fall under Rule 60(b).  Gonzalez, 545 U.S. at 528.  Thus, St. Preux's motion seeks to attack "the substance of the federal court's resolution of [his] claim on the merits," and is, thus, a successive § 2255 motion rather than a Rule 60(b) motion.  Id. at 532.

As for St. Preux's reliance on Gonzalez to support his argument that attacking a district court's application of a statute of limitations does not count as an attack on the merits, his application of Gonzalez is mistaken.  In Gonzalez, the Supreme Court held that, where the petitioner filed a Rule 60(b) motion challenging the district court's ruling regarding § 2244(b)'s statute of limitations that precluded a merits determination of his habeas claim, his motion did not challenge the merits of the

5

district court's decision, and, accordingly, was a proper Rule 60(b) motion. Id. at 535-36. Here, however, a different kind of statute of limitations issue was presented to the district court. In Gonzalez, the AEDPA's statute of limitations had run, thereby precluding the district court from ruling on the merits of the habeas petition at all. Here, St. Preux filed his initial habeas petition within AEDPA's statute of limitations, so the district court was able to reach the merits of his habeas claim that his sentence should not have been enhanced through § 851(e), and determined that St. Preux was not entitled to habeas relief because, based on the time limits provided in § 851(e) itself (and not AEDPA), he could not use § 851 to challenge his 1998 conviction.

Because St. Preux is challenging the merits determination in the earlier AEDPA proceedings that he was not entitled to relief based on § 851 -- and not a procedural defect in those proceedings -- the district court properly construed his motion as a second or successive § 2255 motion. Further, because St. Preux did not seek prior authorization from this Court before filing his motion in the district court, the district court lacked jurisdiction to consider it. See 28 U.S.C. § 2255(h). Thus, the district court did not err in dismissing St. Preux's motion for lack of jurisdiction.

**AFFIRMED.**

6