330 So.2d 113 (1976)
Ruth Mary LAYTHE, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1304.
District Court of Appeal of Florida, Third District.
April 6, 1976.
Rehearing Denied April 27, 1976.
Phillip A. Hubbart, Public Defender, and Gerald D. Hubbart and Julian Mack, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The defendant, Ruth Mary Laythe, was charged by indictment with first degree murder. She was tried by jury, found guilty of second degree murder, and convicted and sentenced to 25 years in the state penitentiary.
The evidence showed that defendant Laythe and a friend, Rick Carter, conspired to steal money from one Eladio Ramon "Lalo" Diaz, a black Cuban drug *114 dealer whom Laythe knew to have a lot of money. Carter stated "we'll have to kill him," and Laythe said "no, forget it." The next day, Laythe brought Lalo to her apartment. Carter was there. Laythe stated that she looked at Carter and shook her head, meaning no. Some thirty minutes later, she followed Carter into the bathroom and stated, "Rick I want you to leave, I'm not going to do it, I don't ever want to see you again." Rick started to leave. Laythe went into the kitchen to fix a drink and then she heard a shot. Over a period of two or three minutes, Carter shot Lalo three more times until he was dead.
At the charge conference, defense counsel requested that the jury be instructed as to withdrawal from the conspiracy based on the defense that Laythe timely terminated her involvement well before Carter committed the offense. The court denied the instruction proposed by defense counsel, but acknowledged that, "somewhere in the deal, a person could withdraw," and suggested a different instruction on withdrawal. The state objected to any charge on withdrawal, the court reserved ruling and then decided not to instruct on withdrawal.
On appeal, defendant Laythe contends that the trial court erred in failing to include the defendant's requested instruction or the court's own alternative instruction on withdrawal. We agree. "However disdainfully the trial Judge may have felt about the merits of such defense from a factual standpoint, however even we may feel about it, is beside the point." Koontz v. State, Fla.App. 1967, 204 So.2d 224, 227. A defendant is entitled to have the jury instructed on the law applicable to his theory of defense if there is any evidence introduced to support the instruction. Canada v. State, Fla.App. 1962, 139 So.2d 753; Stiglitz v. State, Fla.App. 1972, 270 So.2d 410. As stated in 41 C.J.S. Homicide § 368, where there is evidence in support of any defense offered by an accused which raises an issue of fact in his favor,
"... the court should present the issue by an affirmative instruction which fairly and fully declares the law applicable thereto ... and it is error for the court, while stating the charge on the evidence against accused, to refuse or omit to charge the jury as to the defenses which are set up by him, and which there is evidence to support ..."
It appears from the record that there is evidence to support defendant Laythe's defense of withdrawal. Accordingly, we reverse and remand for a new trial. The other point raised by the defendant on appeal will not be discussed.
Reversed and remanded.