ERVIN, Judge.
Dixon appeals the summary denial of his Rule 3.850 motion to vacate his judgment and sentence which alleged that his trial counsel had provided him with inadequate representation. Although we disagree with the lower court’s determination that the motion was legally insufficient for failing to comply with the technical requirements of the rule, we nonetheless affirm on the ground that appellant did not demonstrate a prima facie ease of deficient performance by trial counsel.
Appellant was convicted and sentenced for uttering a forged instrument in violation of Section 831.02, Florida Statutes (1985), and for dealing in stolen property in violation of Section 812.019, Florida Statutes (1985). His convictions were affirmed in Dixon v. State, 541 So.2d 637 (Fla. 1st DCA), review dismissed, 547 So.2d 1209 (Fla.1989). The facts of this case are set forth in our earlier opinion. Appellant now claims that because there was evidence that he had voluntarily abandoned his attempt to pass the false instrument, he was entitled to a jury instruction on the abandonment defense, and, because his trial counsel failed to request such an instruction, he was severely prejudiced in the defense of his case.
In our judgment, abandonment is not a defense to either of the charges filed against appellant. On the contrary, it is a valid defense only in cases in which a person is charged with attempting to commit an offense, or with committing an offense that involves an attempt as a lesser included offense, and the defendant presents evidence showing that he or she voluntarily abandoned the attempt before committing the substantive crime. See generally, Hoeber, The Abandonment Defense to Crimi *356 nal Attempt and Other Problems of Temporal Individuation, 74 Calif.L.Rev. 377 (1974); 2 W. LaFave & A. Scott, Jr., Substantive Criminal Law § 6.3(b) (1986). Under each statute that appellant was charged with violating, however, a defendant may be found guilty of completing the substantive crime as soon as an attempt is effected, and a defendant may not avoid criminal culpability for either crime by raising the abandonment defense.
The statute appellant cites, Section 777.-04(5)(a), Florida Statutes (1985), provides:
(5)It is a defense under this section that, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose, the defendant:
(a) Abandoned his attempt to commit the offense or otherwise prevented its eommission[.]
(Emphasis added.) The plain language of this provision limits use of the statutory abandonment defense to a defendant who has been charged with an attempt under the general attempts provision of Section 777.04(1), Florida Statutes (1985). Yet because the proscribed offenses of sections 831.02 and 812.019 include the attempt to commit the crime, the general attempts provision may not be used in conjunction with either statute.
The offense of uttering a forged instrument in violation of section 831.02 is fully shown by proof of an attempt to utter; consequently there is no separate crime in Florida of attempting to utter a forged instrument. See King v. State, 339 So.2d 172 (Fla.1976). Accord Watkins v. State, 516 So.2d 1043, 1047 (Fla. 1st DCA 1987) (illegality of judgment and sentence for attempted uttering acknowledged), review denied, 523 So.2d 579 (Fla.1988).
Similarly, section 812.019(1), relating to the offense of dealing or trafficking in stolen property, prohibits attempts to commit the offense, as well as completed transactions. That statute provides:
Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree....
(Emphasis added.) The supreme court has stated that if a statute prohibits an “endeavor” to accomplish the criminal purpose along with the offense itself, “then the offense is fully proved by proving such attempt, and there is no separate crime of attempt.” State v. Sykes, 434 So.2d 325, 327 (Fla.1983) (construing Section 812.014, Florida Statutes (1977), proscribing theft and grand theft). See also Ervin v. State, 410 So.2d 510 (Fla. 2d DCA 1981) (no separate crime of attempt under section 812.-019), approved in pertinent part, quashed in part, 435 So.2d 815 (Fla.1983). Moreover, by defining a crime so that one of the ways it may be proved is by showing that the accused endeavored to commit the crime, “the legislature has negated any intention of allowing the general attempts statute to operate with reference to [it].” Sykes, 434 So.2d at 327.
We conclude that the only authorization for the abandonment defense in Florida is section 777.04(5), which was enacted in 1974. Ch. 74-383, § 12, Laws of Fla. Abandonment was not a defense to an attempt to commit a crime under Florida’s common law.[1] See Hoeber, The Abandonment Defense, supra, at 381-82 & n. 12 (abandonment was a defense to attempt at common law only in Georgia, New York, Pennsylvania, and California, if at all); Rotenberg, Withdrawal as a Defense to Relational Crimes, 62 Wis.L.Rev. 596, 596 n. 8 (1962) (abandonment defense was available at common law in California and Georgia, and perhaps in New York and Nevada). Therefore, the abandonment defense is only available in conjunction with the general attempts provision, thus was not available to appellant in this case.
*357 Once appellant attempted to utter a forged instrument and to deal in stolen property, he had completed each crime; therefore he could not avoid an adjudication of guilt as to the charged offenses by showing that he had thereafter abandoned his criminal purpose. As a result, appellant’s trial counsel was not ineffective in failing to request an instruction on a defense that was irrelevant to the two offenses for which appellant was charged and convicted.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.

. References to the defense of abandonment or withdrawal in Florida common law occur in discussions of self-defense when the defendant was the instigator of the violent interaction. See, e.g., Stinson v. State, 76 Fla. 421, 80 So. 506, 512-13 (1918); Padgett v. State, 40 Fla. 451, 24 So. 145, 146 (1898); McCoy v. State, 175 So.2d 588, 591 (Fla. 2d DCA), cert. denied, 183 So.2d 210 (Fla.), appeal dismissed, 183 So.2d 211 (Fla.1965), cert. denied, 384 U.S. 1020, 86 S.Ct. 1972, 16 L.Ed.2d 1043 (1966).