COPE, Judge.
Aloysious Vereen Carroll appeals his conviction for petit theft. We affirm.[1]
Defendant challenges the legal sufficiency of the evidence. We affirm on authority of Haslem v. State, 391 So.2d 389 (Fla. 2d DCA 1980).
Defendant next argues that the trial court should have granted his requested jury instruction on abandonment. Defendant contends that the evidence showed he had abandoned the theft prior to completing it. He requested an instruction on abandonment, which was refused. We conclude that the trial court was correct.
Florida recognizes the common-law defense of abandonment, also referred to as withdrawal or renunciation. Smith v. State, 424 So.2d 726, 732 (Fla.1982)[2]; Laythe v. State, 330 So.2d 113, 114 (Fla. 3d DCA 1976).
The law distinguishes between a “voluntary abandonment” and an “involuntary abandonment.” According to Professor LaFave, “The cases are in agreement that what is usually referred to as involuntary abandonment is no defense.” 2 Wayne R. LaFave and Austin W. Scott, Jr., Substantive Criminal Law § 6.3(b), at 53-54 (1986). An involuntary abandonment occurs when
the defendant fails because of unanticipated difficulties in carrying out the criminal plan at the precise time and place intended and then decides not to pursue the victim under these less advantageous circumstances, [or] ... when the defendant withdraws because of a belief that the intended victim has become aware of his plans, or because he thinks that his scheme has been discovered or would be thwarted by police observed in the area of the intended crime.
Id. (footnotes omitted). In order to constitute a defense, the abandonment must be *1067 complete and voluntary. See id. at 56; cf. § 777.04(5) Fla. Stat. (1995).[3]
In the present case the evidence showed involuntary abandonment, not voluntary abandonment. After an encounter with a uniformed police officer in the K-Mart store, defendant waited until the officer walked away and then commenced to unload from his duffle bag two power drills, still in the original boxes, which he had taken from store inventory kept in an “employees only” storage closet. The requested jury instruction was properly refused.
Affirmed.

. Defendant was also convicted of trespass. He does not challenge that conviction on this appeal.

. The Smith decision refers to the defense interchangeably as withdrawal, abandonment, or renunciation. 424 So.2d at 732.

. The First District Court of Appeal has taken the position that abandonment can only be a defense in Florida where the defendant is charged with criminal attempt, criminal solicitation, or criminal conspiracy under section 777.04, Florida Statutes. Dixon v. State, 559 So.2d 354, 356 (Fla. 1st DCA 1990). The court reasoned that since the defense of abandonment has been codified by statute only for the crimes of attempt, solicitation, or conspiracy, § 777.04(5), Fla. Stat., it follows that the legislature did not intend to allow the defense of attempt for any other crime. Under the reasoning of the Dixon opinion, abandonment could not be a defense to the crime of theft. See 559 So.2d at 356. We respectfully disagree.
We suggest that the Dixon case misconstrues the legislative intent in enacting subsection 777.04(5), Florida Statutes. According to Professor LaFave, "The traditional view as expressed by most commentators is that abandonment is never a defense to a charge of attempt if the defendant has gone so far as to engage in the requisite acts with criminal intent." 2 LaFave and Scott, Substantive Criminal Law § 6.3(b), at 54 (footnote omitted; emphasis in original). The Model Penal Code took the position that renunciation of criminal purpose should be recognized as a defense to an attempt. Model Penal Code and Commentaries § 5.01, at 296-98, 356-62 (1985). It appears reasonably clear that the Florida legislature enacted subsection 777.04(5), Florida Statutes, in order to change the common law rule and allow renunciation to be a defense to the charge of criminal attempt. See Model Penal Code and Commentaries § 5.01, at 360 n. 279.
As we view the matter, the Florida Supreme Court has expressly recognized that the defense, whether termed withdrawal, abandonment, or renunciation, is available in a proper case as a defense against a substantive criminal charge. Smith v. State, 424 So.2d at 732. The effect of subsection 777.04(5), Florida Statutes, is to expand the availability of the defense to the charge of attempt, where at common law the defense would not otherwise have been available.