914 So.2d 1098 (2005)
Michelle LONGVAL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-222.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
*1099 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We reverse a conviction of grand theft because the trial court did not instruct the jury on the defense of abandonment or renunciation, which the defense timely requested.
Along with her boyfriend, Anthony Hile, appellant Michelle Longval was charged with grand theft of merchandise from Wal-Mart. Hile pleaded guilty and completed his sentence by the time Longval went to trial.
At trial, the state offered a videotape in evidence. On the tape, Longval went to a cashier and asked for cigarettes. When the cashier went to get the cigarettes, which were locked up, Hile walked by the register with a shopping cart full of merchandise. A security guard stopped Hile outside of the store. Longval never left the store.
Hile testified as a defense witness. He claimed that he and Longval arrived at the Wal-Mart around 9:00 a.m. to buy a drill. At the time, Hile was recovering from a two-day cocaine binge and he might have consumed some beer. On the way to the store, Longval took three Xanaxes.
Hile stated that when he and Longval originally entered the store he was pushing the cart. He was picking out his drill when he decided that "the more [he] watched [Longval] and the way she was acting, the more [he] decided that [he] could possibly obtain a couple more items through her for nothing" because "[Longval] wasn't thinking reasonably and [he] [didn't] even think she would remember if she did it or not."
Hile told Longval that he was going to buy her a couple of outfits; he gave her the cart and said that she could pick out what she wanted. After Longval left the area, Hile snatched a bunch of Wal-Mart bags from behind a vacant cash register.
On the tape, Hile and Longval had a discussion. Hile testified that the discussion concerned whether Longval would push the cart out of the store. Longval refused. After their discussion, Hile walked away, but returned to try and "talk her into it." Longval again refused and did not leave the store with any merchandise.
*1100 Hile stated that he pushed the cart out of the front door because he "felt [he] could get away with it." He testified that he had no plan with Longval to distract the cashiers.
The defense requested a jury instruction on the "common law defense of abandonment." The state objected, citing Dixon v. State, 559 So.2d 354 (Fla. 1st DCA 1990). The trial court denied the request.
A "[d]efendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such instructions," no matter how flimsy that evidence might be. Hooper v. State, 476 So.2d 1253, 1256 (Fla.1985); Wright v. State, 705 So.2d 102, 104 (Fla. 4th DCA 1998). In determining whether to give a requested instruction, the trial court should consider the evidence presented without weighing it, as the latter is a task for the jury. See Goode v. State, 856 So.2d 1101, 1104 (Fla. 1st DCA 2003).
We agree with the reasoning of Carroll v. State, 680 So.2d 1065 (Fla. 3d DCA 1996), which indicated that voluntary abandonment was a defense to theft.[1] Florida has recognized the common law defense of abandonment, "also referred to as withdrawal or renunciation." Id. at 1066; see Smith v. State, 424 So.2d 726, 732 (Fla. 1982); Hamilton v. State, 703 So.2d 1038, 1042-43 (Fla.1997) (quoting Smith, 424 So.2d at 726); Miller v. State, 503 So.2d 929 (Fla. 3d DCA 1987) (quoting Smith, 424 So.2d at 726); Laythe v. State, 330 So.2d 113 (Fla. 3d DCA 1976).
Section 777.04(5)(a), Florida Statutes (2004), provides a statutory basis for an abandonment defense. As it applies to abandonment, the statute provides:
It is a defense to a charge of criminal attempt, ... that, under circumstances manifesting a complete and voluntary renunciation of his or her criminal purpose, the defendant:
(a) [a]bandoned his or her attempt to commit the offense or otherwise prevented its commission.
In construing the predecessor to this statute,[2] the first district held that abandonment "is a valid defense only in cases in which a person is charged with attempting to commit an offense, or with committing an offense that involves an attempt as a lesser included offense." Dixon, 559 So.2d at 355. The first district wrote that "the only authorization for the abandonment defense in Florida is section 777.04(5)" and reasoned that the defense was available only for crimes charged as attempts, solicitations, or conspiracies under section 777.04. Id. at 356.
We agree with the third district that Dixon "misconstrues the legislative intent in enacting section 777.04(5)." Carroll, 680 So.2d at 1067 n. 3. As Carroll explains:
According to Professor LaFave, "The traditional view as expressed by most commentators is that abandonment is never a defense to a charge of attempt if the defendant has gone so far as to engage in the requisite acts with criminal intent." 2 LaFave and Scott, Substantive Criminal Law § 6.3(b), at 54 (footnote omitted; emphasis in original). The Model Penal Code took the position that renunciation of criminal purpose *1101 should be recognized as a defense to an attempt. Model Penal Code and Commentaries § 5.01, at 296-98, 356-62 (1985). It appears reasonably clear that the Florida legislature enacted subsection 777.04(5), Florida Statutes, in order to change the common law rule and allow renunciation to be a defense to the charge of criminal attempt. Model Penal Code and Commentaries § 5.01, at 360 n. 279.
As we view the matter, the Florida Supreme Court has expressly recognized that the defense, whether termed withdrawal, abandonment, or renunciation, is available in a proper case as a defense against a substantive criminal charge. Smith v. State, 424 So.2d at 732. The effect of subsection 777.04(5), Florida Statutes, is to expand the availability of the defense to the charge of attempt, where at common law the defense would not otherwise have been available.

Id. at 1067 n. 3 (emphasis added).
Here, the state charged Longval with grand theft under section 812.014, Florida Statutes (2004). Under that statute, a person commits theft if "he or she knowingly obtains or uses, or endeavors to obtain or use, the property of another" with the appropriate criminal intent. § 812.014(1), Fla. Stat. (2004). With this definition, attempted grand theft does not exist in Florida. The supreme court has recognized that "[b]y including the words, `or endeavors to obtain or use,' the statutory language reveals on its face a legislative intent to define theft as including attempt to commit theft." State v. Sykes, 434 So.2d 325, 327 (Fla.1983). "The substantive, completed crime is fully proven when an attempt, along with the requisite intent, is established." Id. "If a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime." King v. State, 339 So.2d 172 (Fla.1976).
Since the legislature has expanded the defense of abandonment to apply to "criminal attempts," we believe the defense applies where the legislature defines a substantive crime to include an attempt.
At the time Dixon was decided, the statute began with the language: "It is a defense under this section that, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose...." § 777.04(5), Fla. Stat. (1985) (emphasis added). The "section" referred to in the statute, section 777.04, made substantive crimes out of attempts, solicitation, and conspiracies to commit offenses; section 777.04(4) set forth various penalties. The words "under this section" could be read, as did the first district in Dixon, to limit the defense to attempts charged under section 777.04.
In its current form, section 777.04(5) begins with different, more expansive language: "It is a defense to a charge of criminal attempt ... that under circumstances manifesting a complete and voluntary renunciation of his or her criminal purpose...." (Emphasis added). The current wording does not limit the defense to "this section." The language is broad enough to embrace substantive crimes, like theft, that include attempts within their definition.
We see no logical basis to construe the statute in a way that prevents the renunciation/abandonment defense from applying to substantive crimes that are defined to include attempts. This approach would make the attempt defense available for more reprehensible or dangerous crimes, while prohibiting the defense for crimes against property, such as *1102 theft or uttering a forgery,[3] where personal safety is not an issue. "To discern legislative intent, we must apply a common-sense approach which requires that we consider the statutory language, the purpose of the statute, the evil to be corrected, the legislative history, and the pertinent case law that has applied the statute or similar enactments." McKnight v. State, 906 So.2d 368, 371 (Fla. 5th DCA 2005). Because we base our decision on language that was not part of the 1985 statute construed in Dixon, we do not certify conflict with that opinion.
Addressing another issue on appeal, we note that Hile's in-court description of his conversation with Longval on the videotape was admissible over a hearsay objection. Longval's statements to Hile were not hearsay under section 90.801(1)(c), Florida Statutes (2004), because they described and gave significance to ambiguous acts, her conduct on the videotape. See Stotler v. State, 834 So.2d 940, 944 (Fla. 4th DCA 2003) (holding that defense witness's in-court recitation of defendant's out of court statements, which where inaudible on surveillance videotape, were not hearsay because they were "statements describing ambiguous acts" or "verbal parts of acts.").
Reversed and remanded.
GUNTHER and HAZOURI, JJ., concur.
NOTES
[1] In Carroll, the defendant argued that the trial court erred in not instructing the jury on abandonment. Even though it recognized that voluntary abandonment was a defense to theft, the third district affirmed the conviction because the evidence showed only an involuntary abandonment, which is not a defense. 680 So.2d at 1066-67.
[2] Section 777.04(5)(a), Florida Statutes (1985).
[3] In King v. State, 339 So.2d 172 (Fla.1976), the supreme court held that there is no crime of attempted forgery under section 831.02, Florida Statutes (1975), because an "uttering is proved as fully by an attempt to negotiate a forged instrument as it is proved by a completed negotiation."