# Supreme Court of Florida

_____

No. SC16-724

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2016-01.**

[March 9, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a report proposing amendments to seven existing

standard criminal jury instructions and the addition of two new instructions. We

have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending existing instructions 3.6(a) (Insanity);

5.1 (Attempt to Commit Crime); 5.2 (Criminal Solicitation); 5.3 (Criminal

Conspiracy); 6.6 (Attempted Manslaughter by Act); 7.7 (Manslaughter); and 8.25

(Violation of a Condition of Pretrial Release from a Domestic Violence Charge).[1]

---

1. The Committee's report initially included a proposal to amend existing
instruction 28.4(a) (Leaving the Scene of a Crash Involving Only Damage to an
Attended Vehicle or Attended Property). The proposal was subsequently
withdrawn by the Committee.

The Committee also proposes adding new instructions 3.6(p) (Abnormal Mental Condition) and 7.7(a) (Aggravated Manslaughter).

Before filing its report with the Court, the Committee published its proposals for comment. Upon consideration of the comments submitted, the Committee modified some of its proposals. The Committee did not republish its proposals.

After the Committee filed its report, the Court published the Committee's proposals for comment. A comment was received from the Florida Public Defender Association regarding existing instructions 3.6(a) and 8.25, and new instruction 3.6(p). A response was filed by the Committee.

Having considered the Committee's report, the comment filed, and the Committee's response, we hereby authorize for publication and use amended instructions 3.6(a), 5.1, 5.2, 5.3, 6.6, 7.7, and 8.25, and new instructions 3.6(p) and 7.7(a), with the following modification. We amend the new comment to instruction 5.3 to include the phrase "renunciation remains a defense to conspiracy to commit a crime where some harm was done." The phrase was omitted by the Committee, and its addition conforms the new comment for instruction 5.3 with the new comment added to instructions 5.1 and 5.2.

Accordingly, the instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[2] In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
LAWSON, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Julianne M. Holt, Past President, Florida Public Defender Association, Inc., Public Defender, 13th Judicial Circuit, Tampa, Florida,

Responding with Comments

**Appendix**

**3.6(a) INSANITY**

An issue in this case is whether (defendant) **was insane when the crime allegedly was committed.**

**A person is considered to be insane when:**

1.      **[He] [She] had a mental infirmity, disease, or defect.**

2.      **Because of this condition**

      a.      **[he] [she] did not know what [he] [she] was doing or its consequences or**

      b.      **although [he] [she] knew what [he] [she] was doing and its consequences, [he] [she] did not know it was wrong.**

*Give if applicable.*
~~A defendant who believed that what [he] [she] was doing was morally right is not insane if the defendant knew that what [he] [she] was doing violated societal standards or was against the law.~~

All persons are presumed to be sane.  The defendant has the burden of proving the defense of insanity by clear and convincing evidence.  Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief, without hesitation, about the matter in issue.

In determining the issue of insanity, you may consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the defendant is insane today, or has ever been insane, but whether instead the defendant was insane at the time the crime allegedly was committed.

*Give if applicable.*
<u>**A defendant who believed that what [he] [she] was doing was morally right is not insane if the defendant knew that what [he] [she] was doing violated societal standards or was against the law.**</u>

*Give if applicable.*
**Unrestrained passion or ungovernable temper is not insanity, even though the normal judgment of the person is overcome by passion or temper.**

*\*Give if applicable and if requested.*
**Although insanity is a defense, mental or psychiatric conditions not constituting insanity are not defenses to any crime in this case. Unless there is clear and convincing evidence that** (defendant) **was insane at the time of the crime(s) alleged, any evidence of mental illness, an abnormal mental condition, or diminished mental capacity may not be taken into consideration to show that [he] [she] lacked the specific intent or did not have the state of mind essential to proving that [he] [she] committed the crime[s] charged [or any lesser crime].**

*Give if applicable.*
**If the evidence establishes that the defendant had been adjudged insane by a court, and has not been judicially restored to legal sanity, then you should assume the defendant was insane at the time of commission of the alleged crime, unless the evidence convinces you otherwise.**

*Give in all cases.*
**If you find that** (defendant) **committed the crime but you find by clear and convincing evidence that the defendant was insane, then you should find [him] [her] not guilty by reason of insanity.**

**If your verdict is that the defendant is not guilty by reason of insanity, that does not necessarily mean [he] [she] will be released from custody. I must conduct further proceedings to determine if the defendant should be committed to a mental hospital, or given other outpatient treatment or released.**

**Comments**

If drugs or alcohol are involved, see *Cirack v. State*, 201 So.2d 706 (Fla. 1967).

*This paragraph should be read only where it is applicable and appropriate under the facts of the case. "[D]iminished capacity is not a viable defense in Florida." *Evans v. State*, 946 So. 2d 1, 11 (Fla. 2006); *Lukehart v. State*, 70 So. 3d 503, 515 (Fla. 2011). Evidence of an abnormal mental condition not constituting legal insanity is inadmissible "for the purpose of proving either that the accused

could not or did not entertain the specific intent or state of mind essential to proof of the offense, in order to determine whether the crime charged, or a lesser degree thereof, was in fact committed." *Chestnut v. State*, 538 So. 2d 820 (Fla. 1989). In some cases, however, such evidence, or something that jurors might interpret as such evidence, might be admitted presumably for another purpose or might simply be obvious or apparent from the facts of the case. In such cases, it could be appropriate in the court's discretion to give this instruction to avoid the possibility of juror confusion.

See Instruction 3.6(p) for an instruction regarding abnormal mental conditions not constituting insanity.

This instruction was adopted in 1981 [431 So.2d 600], and was amended in 1986 [483 So.2d 428], 1994 [636 So.2d 502], and 2006 [939 So. 2d 1052], and 2017.


# 3.6(p) ABNORMAL MENTAL CONDITION

*Give if applicable and if requested, and only if insanity is not an issue and if no notice of intent to rely on the defense of insanity has been filed. If insanity is an issue in the case, give instruction 3.6(a).*
**Mental illness, an abnormal mental condition, or diminished mental capacity is not a defense to any crime in this case. Any such evidence may not be taken into consideration to show that the defendant lacked the specific intent or did not have the state of mind essential to proving that [he] [she] committed the crime[s] charged [or any lesser crime].**

## Comments

*This instruction should be given only where it is applicable and appropriate under the facts of the case. "[D]iminished capacity is not a viable defense in Florida." *Evans v. State*, 946 So. 2d 1, 11 (Fla. 2006); *Lukehart v. State*, 70 So. 3d 503, 515 (Fla. 2011). Evidence of an abnormal mental condition not constituting legal insanity is inadmissible "for the purpose of proving either that the accused could not or did not entertain the specific intent or state of mind essential to proof of the offense, in order to determine whether the crime charged, or a lesser degree thereof, was in fact committed." *Chestnut v. State*, 538 So. 2d 820 (Fla. 1989). In some cases, however, such evidence, or something that jurors might interpret as such evidence, might be admitted presumably for another purpose or might simply

be obvious or apparent from the facts of the case. In such cases, it could be appropriate in the court's discretion to give this instruction to avoid the possibility of juror confusion.

This instruction was adopted in 2017.


## 5.1 ATTEMPT TO COMMIT CRIME
§ 777.04(1), Fla._Stat.

*Use when attempt is charged or is a lesser included offense.*
**[To prove the crime of Attempt to Commit** (crime charged)**, the State must prove the following two elements beyond a reasonable doubt:]**

*Use when necessary to define "attempt" as an element of another crime (such as felony murder).*
**[In order to prove that the defendant attempted to commit the crime of** (crime charged)**, the State must prove the following beyond a reasonable doubt:]**

1.   (Defendant) **did some act toward committing the crime of** (crime attempted) **that went beyond just thinking or talking about it.**

2.   **[He] [She] would have committed the crime except that**

     a.   **[someone prevented [him] [her] from committing the crime of** (crime charged)**.]**

     **[or]**

     b.   **[[he] [she] failed.]**

*Give if applicable. Affirmative Defense. § 777.04(5)(a), Fla._Stat. Carroll v. State, 680 So. 2d 1065 (Fla. 3d DCA 1996). Harriman v. State, 174 So. 3d 1044 (Fla. 1st DCA 2015).*
**It is** ~~not an~~ **a defense to the crime of attempt to commit** (crime charged) **if the defendant abandoned [his] [her] attempt to commit the offense or otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.**

**Renunciation is not complete and voluntary where the defendant failed to complete the crime because of unanticipated difficulties, unexpected resistance, a decision to postpone the crime to another time, or circumstances known by the defendant that increased the probability of being apprehended.**

**If you find that the defendant proved by a preponderance of the evidence that [he] [she] abandoned [his] [her] attempt to commit the offense or otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] not guilty of** (crime attempted)**.**

**If the defendant failed to prove by a preponderance of the evidence that [he] [she] abandoned [his] [her] attempt to commit the offense or that [he] [she] otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] guilty of** (crime attempted) **if all the elements of the charge have been proven beyond a reasonable doubt.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comments

As of November 2015, no case law addressed the issue of whether renunciation remains a defense to an attempt to commit a crime where some harm was done.

This instruction was adopted in 1981 and amended in 2017.

## 5.2 CRIMINAL SOLICITATION
§ 777.04(2), Fla._Stat.

**To prove the crime of Criminal Solicitation, the State must prove the following two elements beyond a reasonable doubt:**

1.    (Defendant) **solicited** (person alleged) **to commit** (offense solicited)**.**

2.    **During the solicitation,** (defendant)

**[commanded]**
**[encouraged]**
**[hired]**
**[requested]**

(person alleged) **to engage in specific conduct, which would constitute the commission of** (offense solicited) **or an attempt to commit** (offense solicited)**.**

**It is not necessary that the defendant do any act in furtherance of the offense solicited.**

*Define the crime solicited. If it is Burglary, also define crime that was object of the burglary. Also define "attempt" (see 5.1).*

*Definition*
**To "solicit" means to ask earnestly or to try to induce** ~~the person solicited to do the thing solicited~~**another person to engage in specific conduct.**

*Affirmative Defense. Give if applicable. § 777.04(5)(b), Fla. Stat. Carroll v. State, 680 So. 2d 1065 (Fla. 3d DCA 1996). Harriman v. State, 174 So. 3d 1044 (Fla. 1st DCA 2015).*
**It is a defense to the charge of ~~c~~Criminal ~~s~~Solicitation if the defendant, after soliciting (person solicited) to commit the** (offense solicited)**, persuaded** (person solicited) **not to do so, or otherwise prevented commission of the offense, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.**

**Renunciation is not complete and voluntary where the crime solicited was not completed because of unanticipated difficulties, unexpected resistance, a decision to postpone the crime to another time, or circumstances known by the defendant that increased the probability of being apprehended.**

**If you find that the defendant proved by a preponderance of the evidence that [he] [she] persuaded** (person solicited) **not to commit the** (offense solicited)**, or otherwise prevented commission of the** (offense solicited)**, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] not guilty of** (crime solicited)**.**

**If the defendant failed to prove by a preponderance of the evidence that [he] [she] persuaded** (person solicited) **not to commit the** (offense solicited)**, or**

**that [he] [she] did not otherwise prevent commission of the** (offense solicited)**, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] guilty of** (crime solicited)**, if all the elements of the charge have been proven beyond a reasonable doubt.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comments

As of November 2015, no case law addressed the issue of whether renunciation remains a defense to a solicitation to commit a crime where some harm was done.

This instruction was adopted in 1981 and amended in 2017.

### 5.3 CRIMINAL CONSPIRACY
§ 777.04(3), Fla._Stat.

**To prove the crime of Criminal Conspiracy, the State must prove the following two elements beyond a reasonable doubt:**

1.      **The intent of** (defendant) **was that the offense of** (object of conspiracy) **would be committed.**

*If there is an issue as to whether the subject of the conspiracy was a crime, it may be necessary to define that crime.*

2.      **In order to carry out the intent** (defendant)

            **[agreed]**
            **[conspired]**
            **[combined]**
            **[confederated]**

            **with** (person[s] alleged) **to cause** (object of conspiracy) **to be committed either by them, or one of them, or by some other person.**

**It is not necessary that the**

> [agreement]
> [conspiracy]
> [combination]
> [confederation]

**to commit** (object of conspiracy) **be expressed in any particular words or that words pass between the conspirators.**

**It is not necessary that the defendant do any act in furtherance of the offense conspired.**

*Affirmative Defense. Give if applicable. § 777.04(5)(c), Fla._Stat. Carroll v. State, 680 So. 2d 1065 (Fla. 3d DCA 1996). Harriman v. State, 174 So. 3d 1044 (Fla. 1st DCA 2015).*

**It is a defense to the charge of** eC**riminal** eC**onspiracy that** (defendant)**, after conspiring with one or more persons to commit the** (object of conspiracy)**, persuaded** (person alleged) **not to do so, or otherwise prevented commission of the** (object of conspiracy)**, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.**

**Renunciation is not complete and voluntary where the crime that was conspired to was not completed because of unanticipated difficulties, unexpected resistance, a decision to postpone the crime to another time, or circumstances known by the defendant that increased the probability of being apprehended.**

**If you find that the defendant proved by a preponderance of the evidence that [he] [she] persuaded** (person alleged) **not to commit the** (object of conspiracy)**, or otherwise prevented commission of the** (object of conspiracy)**, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] not guilty of Conspiracy to Commit** (name of crime)**.**

**If the defendant failed to prove by a preponderance of the evidence that [he] [she] persuaded** (person alleged) **not to commit the** (object of conspiracy)**, or that [he] [she] did not otherwise prevent commission of the** (object of conspiracy)**, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose, you should find [him] [her] guilty**

**of Conspiracy to Commit** (name of crime)**, if all the elements of the charge have been proven beyond a reasonable doubt.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

As of November 2015, no case law addressed the issue of whether renunciation remains a defense to conspiracy to commit a crime where some harm was done.

This instruction was adopted in 1981 and amended in 2017.

## 6.6 ATTEMPTED MANSLAUGHTER BY ACT
§§ 782.07 and 777.04, Fla. Stat.

**To prove the crime of Attempted Manslaughter by Act, the State must prove the following element beyond a reasonable doubt:**

(Defendant) **intentionally committed an act [or procured the commission of an act], which would have resulted in the death of** (victim) **except that someone prevented** (defendant) **from killing** (victim) **or [he] [she] failed to do so.**

**However, the defendant cannot be guilty of Attempted Manslaughter by Act by committing a merely negligent act. Each of us has a duty to act reasonably and use ordinary care toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence.**

~~It is not an attempt to commit manslaughter if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.~~

*Give only if procurement is alleged and proven.*
**To "procure" means to persuade, induce, prevail upon, or cause a person to do something.**

**In order to convict of Attempted Manslaughter by Act it is not necessary for the State to prove that the defendant had an intent to cause death, only an intent to commit an act which would have caused death and was not justifiable or excusable attempted homicide, as I have previously ~~explained those terms~~instructed you.** *(The explanations of justifiable attempted homicide and excusable attempted homicide are in Instruction 6.1, Introduction to Attempted Homicide.)*

## Lesser Included Offenses

| ATTEMPTED MANSLAUGHTER BY ACT— 782.07 and 777.04 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Aggravated ~~b~~Battery | 784.045 | 8.4 |
| | Felony ~~b~~Battery | 784.041 | 8.5 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comment<u>s</u>

In the event of any reinstruction on attempted ~~voluntary~~ manslaughter <u>by act</u>, the instructions on justifiable and excusable attempted homicide as previously given should be given at the same time. *Hedges v. State*, 172 So. 2d 824 (Fla. 1965).

There is no crime of attempted ~~involuntary manslaughter (i.e.,~~ manslaughter by culpable negligence. See *Taylor v. State*, 444 So. 2d 931 (Fla. 1983)).

<u>See Instruction 5.1 for the affirmative defense of renunciation.</u>

This instruction was adopted in 1994 <u>[636 So. 2d 502]</u> and amended in 2014 <u>[132 So. 3d 1124] and 2017</u>.

**To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Victim) **is dead.**

*Give 2a, 2b, or 2c depending upon allegations and proof.*

**2.** **a.** (Defendant) **intentionally committed an act or acts that caused the death of** (victim)**.**

**b.** (Defendant) **intentionally procured an act that caused the death of** (victim)**.**

**c.** **The death of** (victim) **was caused by the culpable negligence of** (defendant)**.**

**The defendant cannot be guilty of manslaughter by committing a merely negligent act or if the killing was either justifiable or excusable homicide, as I have previously instructed you.** ~~:~~ *(The explanations of justifiable homicide and excusable homicide are in Instruction 7.1, Introduction to Homicide.)*

~~*Negligence:*~~
**Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence.**

~~*Justifiable Homicide:*~~
~~**The killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant was at the time of the killing. § 782.02, Fla. Stat.**~~

~~*Excusable Homicide:*~~
~~**The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:**~~

1.  When the killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or

2.  When the killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or

3.  When the killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel or unusual manner.

§ 782.03, Fla. Stat.
*Give only if 2a alleged and proved.*
 **In order to convict of manslaughter by act, it is not necessary for the State to prove that the defendant had an intent to cause death, only an intent to commit an act that was not merely negligent, justified, or excusable and which caused death.**

*Give only if 2b alleged and proved.*
 **To "procure" means to persuade, induce, prevail upon or cause a person to do something.**

*Give only if 2c alleged and proved.*
 **I will now define "culpable negligence" for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.**

 **The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or**

**reasonably should have known, was likely to cause death or great bodily injury.**

*§ 782.07(2)-(4), Fla. Stat. Enhanced penalty if 2c alleged and proved. Give a, b, or c, as applicable.*

**If you find the defendant guilty of manslaughter, you must then determine whether the State has further proved beyond a reasonable doubt that:**

    **a.** (Victim) **was at the time [an elderly person] [a disabled adult] whose death was caused by the neglect of** (defendant)**, a caregiver.**

    **b.** (Victim) **was a child whose death was caused by the neglect of** (defendant)**, a caregiver.**

    **c.** (Victim) **was at the time [an officer] [a firefighter] [an emergency medical technician] [a paramedic] who was at the time performing duties that were within the course of [his] [her] employment. The court now instructs you that** (official title of victim) **is [an officer] [a firefighter] [an emergency medical technician] [a paramedic].**

*Definitions. Give if applicable.*
**"Child" means any person under the age of 18 years.**

*§782.03, Fla. Stat.*
**"Dangerous weapon" is any weapon that, taking into account the manner in which it was used, is likely to produce death or great bodily harm.**

**"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age, organic brain damage, or physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person=s own care or protection is impaired.**

**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

**"Facility"** means any location providing day or residential care or treatment for elderly persons or disabled adults. The term "facility" may include, but is not limited to, any hospital, training center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.

*As applied to an Elderly Person or a Disabled Adult.*
**"Caregiver"** means a person who has been entrusted with or has assumed responsibility for the care or the property of an elderly person or a disabled adult. "Caregiver" includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities.

*As applied to a Child.*
**"Caregiver"** means a parent, adult household member, or other person responsible for a child's welfare.

*§ 825.102(3)(a) or § 827.03(3)(a), Fla. Stat. Give 1 or 2 as applicable.*
**"Neglect of [a child"] [an elderly person"] [a disabled adult"] means:**

1. A caregiver's failure or omission to provide [a child] [an elderly person] [a disabled adult] with the care, supervision, and services necessary to maintain [a child's] [an elderly person's] [a disabled adult's] physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the [child] [elderly person] [disabled adult];

   or

2. A caregiver's failure to make reasonable effort to protect [a child] [an elderly person] [a disabled adult] from abuse, neglect or exploitation by another person.

Repeated conduct or a single incident or omission by a caregiver that results in, or could reasonably be expected to result in, a substantial risk of death of [a child] [an elderly person] [a disabled adult] may be considered in determining neglect.

- 18 -

*Definitions.  As applied to Designated Personnel.*
*§ 112.191 and § 633.35, Fla. Stat.*
**"Firefighter" means any full-time duly employed uniformed firefighter employed by an employer, whose primary duty is the prevention and extinguishing of fires, the protection of life and property there from, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any law pertaining to the prevention and control of fires, who is certified by the Division of State Fire Marshal of the Department of Financial Services, who is a member of a duly constituted fire department of such employer or who is a volunteer firefighter.**

*§ 943.10(14), Fla. Stat.*
**"Officer" means any person employed or appointed as a full-time, part-time or auxiliary law enforcement officer, correctional officer, or correctional probation officer.**

*§ 401.23, Fla. Stat.*
**"Emergency Medical Technician" means a person who is certified by the Department of Health to perform basic life support.**

*§ 401.23, Fla. Stat.*
**"Paramedic" means a person who is certified by the Department of Health to perform basic and advanced life support.**

## Lesser Included Offenses

| MANSLAUGHTER - 782.07 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Vehicular homicide | 782.071 | 7.9 |
| | Vessel homicide | 782.072 | 7.9 |
| | (Nonhomicide lessers) Attempt | 777.04(1) | 5.1 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |
| | Culpable negligence | 784.05 | 8.9 |

## Comments

In the event of any reinstruction on manslaughter, the instructions on justifiable and excusable homicide as previously given should be given at the same time. *Hedges v. State*, 172 So.2d 824 (Fla. 1965).

In appropriate cases, an instruction on transferred intent should be given.

~~Trial judges should carefully study~~ See *Eversley v. State*, 748 So.2d 963 (Fla. 1999), in any ~~manslaughter~~ case in which causation is an issue to determine if a special jury instruction on causation is needed.

~~To be found guilty of Aggravated Manslaughter, there is no statutory requirement that the defendant have knowledge of the classification of the victim; therefore, the schedule of lesser included offenses does not include Aggravated Battery on a Law Enforcement Officer, Aggravated Assault on a Law Enforcement Officer, Battery on a Law Enforcement Officer, or Assault on a Law Enforcement Officer. Those offenses have a different definition of officer. Additionally, the excluded lesser included offenses require proof of knowing that the commission of the offense was on an officer who was engaged in the lawful performance of a legal duty.~~

This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1992 [603 So.2d 1175], 1994 [636 So.2d 502], 2005 [911 So.2d 1220], 2006 [946 So.2d 1061], 2008 [997 So. 2d 403], 2010 [41 So.3d 853], ~~and~~ 2011 [75 So. 3d 210], and 2017.


### 7.7(a) AGGRAVATED MANSLAUGHTER
§ 782.07(2), § 782.07(3), and § 782.07(4), Fla. Stat.

**To prove the crime of Aggravated Manslaughter, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Victim) **is dead.**

**2.** **The death of** (victim) **was caused by the culpable negligence of** (defendant)**.**

*Give 3a or 3b as applicable.*
**3.      a.      (Victim) was at the time [an elderly person] [a disabled
                  adult] [a child] and** (victim's) **death was caused by the
                  neglect of** (defendant)**, a caregiver for** (victim)**.**

**      b.      (Victim) was [an officer] [a firefighter] [an emergency
                  medical technician] [a paramedic] who was at the
                  time performing duties that were within the course of
                  [his] [her] employment.**

**Each of us has a duty to act reasonably toward others. If there is a
violation of that duty, without any conscious intention to harm, that violation
is negligence. The defendant cannot be guilty of manslaughter by causing a
death because of a merely negligent act. But culpable negligence is more than
a failure to use ordinary care toward others. In order for negligence to be
culpable, it must be gross and flagrant. Culpable negligence is a course of
conduct showing reckless disregard of human life, or of the safety of persons
exposed to its dangerous effects, or such an entire want of care as to raise a
presumption of a conscious indifference to consequences, or which shows
wantonness or recklessness, or a grossly careless disregard for the safety and
welfare of the public, or such an indifference to the rights of others as is
equivalent to an intentional violation of such rights. The negligent act or
omission must have been committed with an utter disregard for the safety of
others. Culpable negligence is consciously doing an act or following a course
of conduct that the defendant must have known, or reasonably should have
known, was likely to cause death or great bodily injury.**

**The defendant cannot be guilty of manslaughter if the killing was either
justifiable or excusable homicide, as I have previously instructed you.** *(The
explanations of justifiable homicide and excusable homicide are in Instruction 7.1,
Introduction to Homicide.)*

*Definitions. Give as applicable.*
*§ 825.101(4), Fla. Stat.*
**"Elderly person" means a person 60 years of age or older who is
suffering from the infirmities of aging as manifested by advanced age, organic
brain damage, or physical, mental, or emotional dysfunctioning, to the extent
that the ability of the person to provide adequately for the person's own care
or protection is impaired.**

*§ 825.101(3), Fla. Stat.*

**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

*§ 827.01(2), Fla. Stat.*

**"Child" means any person under the age of 18 years.**

*As applied to an Elderly Person or a Disabled Adult. § 825.101(2), Fla. Stat.*

**"Caregiver" means a person who has been entrusted with or has assumed responsibility for the care or the property of an elderly person or a disabled adult. "Caregiver" includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities.**

*§ 825.101(6), Fla. Stat.*

**"Facility" means any location providing day or residential care or treatment for elderly persons or disabled adults. The term "facility" may include, but is not limited to, any hospital, training center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.**

*As applied to a Child. § 827.01(1), Fla. Stat.*

**"Caregiver" means a parent, adult household member, or other person responsible for a child's welfare.**

*§ 825.102(3)(a) or § 827.03(3)(e), Fla. Stat.*

**"Neglect of [a child"] [an elderly person"] [a disabled adult"] means:**

1. **A caregiver's failure or omission to provide [a child] [an elderly person] [a disabled adult] with the care, supervision, and services necessary to maintain [a child's] [an elderly person's] [a disabled adult's] physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the [child] [elderly person] [disabled adult];**

**or**

**2.      A caregiver's failure to make reasonable effort to protect [a child] [an elderly person] [a disabled adult] from abuse, neglect or exploitation by another person.**

**Neglect may be based on repeated conduct or on a single incident or omission by a caregiver that results in, or could reasonably be expected to result in, serious physical or [psychological] [mental] injury, or a substantial risk of death to [a child] [an elderly person] [a disabled adult].**

*Definitions. As applied to Designated Personnel.*
*§ 943.10(14), Fla. Stat. See § 943.10, Fla. Stat., for further definitions.*
**"Officer" means any person employed or appointed as a full-time, part-time or auxiliary law enforcement officer, correctional officer, or correctional probation officer.**

*§ 112.191 and § 633.35, Fla. Stat.*
**"Firefighter" means any full-time duly employed uniformed firefighter employed by an employer, whose primary duty is the prevention and extinguishing of fires, the protection of life and property therefrom, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any law pertaining to the prevention and control of fires, who is certified by the Division of State Fire Marshal of the Department of Financial Services, who is a member of a duly constituted fire department of such employer or who is a volunteer firefighter.**

*§ 401.23, Fla. Stat.*
**"Emergency Medical Technician" means a person who is certified by the Department of Health to perform basic life support.**

*§ 401.23, Fla. Stat.*
**"Paramedic" means a person who is certified by the Department of Health to perform basic and advanced life support.**

## Lesser Included Offenses

| AGGRAVATED MANSLAUGHTER — 782.07(2), 782.07(3), AND 782.07(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Manslaughter | | 782.07 | 7.7 |
| *Neglect by Culpable Negligence of a[n] [Elderly Person] [Disabled Adult] [Child] Causing Great Bodily Harm, Permanent Disability, or Permanent Disfigurement | | 825.102(3)(b) or 827.03(2)(b) | 29.22 or 16.5 |
| *Neglect by Culpable Negligence of a[n] [Elderly Person] [Disabled Adult] [Child] Without Causing Great Bodily Harm, Permanent Disability, or Permanent Disfigurement | | 825.102(3)(c) or 827.03(2)(d) | 29.22 or 16.6 |
| *Culpable Negligence Inflicting Injury | | 784.05(2) | 8.9 |
| *Culpable Negligence Exposing Another to Injury | | 784.05(1) | 8.9 |

## Comments

*Non-homicide lesser-included offenses do not have to be given if the parties agree causation is not in dispute and that the victim is dead.

There is no statutory requirement that the defendant have knowledge of victim's status and as of November 2015, there was no case law addressing that issue.

This instruction was adopted in 2017.

# 8.25 VIOLATION OF A CONDITION OF PRETRIAL RELEASE FROM A DOMESTIC VIOLENCE CHARGE
## § 741.29(6), Fla. Stat.

**To prove the crime of Violation of a Condition of Pretrial Release from a Domestic Violence Charge, the State must prove the following four elements beyond a reasonable doubt:**

1.      (Defendant) **was arrested for an act of domestic violence.**

2.      **Before [his] [her] trial,** (defendant's) **release on the domestic violence charge was set with a condition of** (insert condition of pretrial release in Fla. Stat. 903.047)**.**

3.      (Defendant) **knew that a condition of [his] [her] pretrial release was** (insert condition)**.**

4.      (Defendant) **willfully violated that condition of pretrial release by** (insert the manner in which the defendant is alleged to have violated pretrial release)**.**

*Definitions.*
*§ 741.28, Fla. Stat.*
**"Domestic violence" means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.**

**"Family or household members" means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who are parents of a child in common regardless of whether they have been married. With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1*st* DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*Give as applicable and if the defendant is charged with violating a no contact order. § 903.047(1)(b), Fla. Stat.*

**An order of "no contact" is effective immediately and is valid for the duration of the pretrial release or until it is modified by a judge.**

**Unless otherwise stated by the judge, "no contact" means it is prohibited for** (defendant) **to have communicated orally or in any written form, either in person, telephonically, electronically, or in any other manner, either directly or indirectly through a third person, with** [(victim)] **[or]** [(any other person named in the order)]**.**

**It is also a violation of a "no contact" order if** (defendant)**:**

a. **had physical or violent contact with** (victim) **[or]** [(other named person)] **or [his] [or] [her] property.**

b. **was within 500 feet of** (victim's) **[or]** [(other named person's)] **residence, even if the defendant and** (victim) **[or]** [(other named person)] **share the residence.**

c. **was within 500 feet of** (victim's) **[or]** [(other named person's)] **[vehicle] [place of employment] [or]** [(a specified place frequented regularly by such person)]**.**

### Lesser Included Offenses

| VIOLATION OF A CONDITION OF PRETRIAL RELEASE FROM A DOMESTIC VIOLENCE CHARGE — 741.29(6) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comment

This instruction was adopted in 2014 [141 So. 3d 1201] and amended in 2017.